## DRURY *vs.* CONNER.—June, 1827.

Whoever enters upon the estate of an infant, is considered in equity as entering as his guardian; and after the infant comes of age, he may by bill in chancery recover the rents and profits.   If a person so entering shall continue the possession after the infant comes of age, chancery will decree an account against him as guardian, and carry on such account after the infancy is determined.

One who never occupied an estate, nor derived any advantage from it, but merely rented it out, and collected, and paid over the rent as it came into his hands, as the friend and connexion of another, for whose use he

received the rent, and to whom he was bound to pay it over as agent, is not responsible in equity, for mesne profits, to the owner of such estate. It is true, as a general position, that chancery will not entertain a bill, where there is a full and complete remedy at law, and no ground is shown for going into equity; and ordinarily a bill for mesne profits, after recovery in ejectment, showing no obstacle at law, and stating no ground of equitable relief, would on plea or demurrer, and perhaps at the final hearing without either, under the practice of this state, be dismissed, there being an adequate remedy at law.

APPEAL from the Court of Chancery. The bill, filed on the 14th of October 1819, by the appellee against the appellant, stated that *William Conner*, the father of the complainant, died intestate in the year 1799 or 1800, seized in fee of a tract of land lying in *Anne-Arundel* county, called *Holloway*, or *Oliver's Preservation*, containing 147 acres, which descended to the complainant, and his brother *Marmaduke*, and his sisters *Harriet, Nancy* and *Matilda*. That *Henry C. Drury*, the defendant, being then in possession of the said tract of land, and holding and claiming it under a certain *Frederick Mills*, one of whose daughters he married, and receiving the rents and profits thereof, the complainant, and the said *Marmaduke*, *Harriet, Nancy* and *Matilda*, on the 12th of January 1816, instituted an action of ejectment in *Anne-Arundel* county court against him for the recovery of the said land; and on the 27th of September 1819, recovered the same—each his or her undivided fifth part, by the judgment of the said court. That a writ of *habere facias possessionem* issued, and possession was had by the complainant, and the said *Marmaduke*, *Harriet, Nancy* and *Matilda*. The bill then charges, that the defendant had been in possession of the said land a long time previous to the institution of the said action of ejectment, and subsequently to the death of the complainant's father, and so remained in possession until the execution of the said writ of *habere facias possessionem*, during which time he received the rents and profits of the same, and cut down and sold a great quantity of wood and timber of various description, which was growing thereon, and received the purchase money therefor. The bill then states, that the complainant has not long attained the age of 21 years, to wit, within three years from the institution of the said action of ejectment, and from the filing of the present bill; and that during the whole period of the possession

of the defendant, the complainant was a minor, under the age of 21 years; and the defendant received the rents and profits of the said land as guardian of the complainant, though he had not been legally appointed.   Prayer, that the defendant may be compelled to account, &c. and for general relief.

The answer of the defendant stated, that *William Conner,* deceased, the father of the complainant, and *Marmaduke,* &c. at the time of his death, possessed a legal estate in fee simple in the land mentioned in the bill; but that he never was in the actual possession thereof; that in his lifetime he sold all his interest therein to *Frederick Mills,* since deceased, for a full and valuable consideration, although no conveyance was ever executed for the same.   That the said *Mills* left issue four children, viz. *Achsah, Ann, Elizabeth,* who is the wife of the defendant, and *Frederick,* and died in the peaceable and undisturbed possession of the premises, which vested in his said children.   That from the 1st of January 1813, the defendant, by virtue of an assignment from the said *Achsah,* and in the right of his wife, was possessed of one moiety of the premises until he was dispossessed thereof as is stated in the bill.   That it is not true that the defendant did cut down and sell wood and timber from off the said premises; but that he did receive the one-half of the rents and profits of the said premises for the space of six years, amounting in the whole to $600.   That he considers himself entitled to the same by virtue of the said assignment from the said *Achsah,* and in the right of his wife *Elizabeth.*   That he and his wife *Elizabeth,* and the other co-heirs of *Frederick Mills,* heretofore exhibited and filed their bill of complaint in the court of chancery against the complainant, and the other co-heirs of *William Conner,* deceased, to compel a specific performance of the said contract for the sale of the said premises so entered into as aforesaid by *Frederick Mills* and *William Conner,* in their respective lifetimes, and which bill of complaint is still depending in the said court. The defendant denies that he ever was in law or in fact the guardian of the complainant; and he denies the right of the complainant to compel him to account for the rents and profits of the said premises, or of any part thereof.

A commission issued by consent to take testimony, and tes-

timony was taken and returned thereunder. The material facts proved under it will appear from the opinion delivered by the Chief Judge of this Court.

JOHNSON, Chancellor, (July term, 1822,) *Decreed*, that the defendant account to and with the complainant of and concerning the matters charged in the bill; and that the account be stated from the evidence already taken under the commission, and that which may be taken before the auditor. The account to be taken, reserving all equity at the final hearing.

The auditor reported two accounts, the one on which the chancellor's decree was grounded—*Account B.* charged the defendant on the 1st of January 1819, "to rents and profits of one moiety of *Holloway*, or *Oliver's Preservation*, for 7 years from 1st of January 1812, viz. at $90, per annum,    $630
1824. Dec. 6.    To interest on $90, part thereof
from the 1st of January 1813,    337 58

$967 58

By *Henry C. Drury*, (the defendant,)
in right of his wife, and of *Achsah
Mills*, for ⅛                                    120 94$\frac{11}{16}$
By ditto as assignee of *Matilda Conner*
for ⅕ of the balance,                            169 32$\frac{9}{16}$
By *Wm. W. Conner*, (the complain-
ant,) ditto,                                      169 32$\frac{9}{16}$
By *Marmaduke W. Conner*, ditto,        169 32$\frac{9}{16}$
By *John Franklin*, & *Harriet* his
wife, ditto,                                      169 32$\frac{9}{16}$
By *Sabritt Trott*, & *Nancy* his wife,
ditto,                                            169 32$\frac{9}{16}$

$967 58
To amount due to the complainant,                 $169 33

To interest on $110 25, part thereof from the 6th of December 1824, until paid."

Each of the parties excepted to the auditor's accounts and report. And afterwards two exhibits were filed—one, the record of the recovery in ejectment brought by the complainant and others against the defendant, as referred to in the bill, and

the other, a decree of the court of appeals, on the appeal of *Drury, et al. vs. Conner, et al.* 6 *Harr. & Johns.* 288.

BLAND, Chancellor, (March term, 1825,) *Decreed,* that the defendant pay to the complainant the sum of $338 66, with interest on $220 50, part thereof, from the 6th of December 1824, until paid, with costs to be taxed by the register. From which decree the defendant appealed to this Court.

The cause was argued at the last June term, before BUCHAN-AN, Ch. J. and EARLE and ARCHER, J.

*Taney,* for the Appellant, contended, 1. That the complainant's remedy for mesne profits was at law. *Dormer vs. Fortescue, 3 Atk* 129. *Jesus College vs. Bloom, Ib.* 262. *Warren & Taylor vs. Fergusson & Robertson,* 4 *Harr. & Johns.* 46. *Loker vs. Rolle,* 3 *Ves.* 4, 7. *Cooper's Plead.* 124. Where relief may be obtained at law, the party cannot proceed in equity. There is no proof in the record that the complainant was an infant; and if he was an infant, he should have rents only from the time of filing his bill. *Pulteney vs. Warren,* 6 *Ves.* 93, 94. An infant, as such, could not bring a bill for mesne profits. But it will be said the bill was not demurred to. The answer denies the right of the complainant to an account for the rents and profits. Where the defendant might have demurred to the bill, he may avail himself of want of jurisdiction at the final hearing. *Barker vs. Dacie,* 6 *Ves.* 686. Consent of parties cannot give jurisdiction. If it appears by the bill that it is a subject of which the court has no jurisdiction, they will not assume it. It is not necessary for the defendant to deny that the court has jurisdiction. *Carter vs. United Insurance Company,* 1 *Johns. Ch. Rep.* 463.

2. The proper parties are not before the court. *Cooper's Plead.* 33. Equity will prevent a multiplicity of suits. *Dungey vs. Angove,* 2 *Ves. jr.* 304. The children of Mrs. *Mills* should be parties—there being proof in the record that part of the rents and profits had been paid to her.

3. The complainant has no right to recover more than a moiety of that part of the land rented. *Saunders vs. Lord Annesley,* 2 *Sch. & Lef.* 73, 93. *Dungey vs. Angove,* 2 *Ves. jr.* 304.

4. The decree of the chancellor is clearly wrong. He has decreed the whole rents and profits, deducting one-eighth, when he should have deducted one-fourth. From the evidence, the estimated value of the rents and profits is too high. The true rule, as to the value, is the sum received and paid. The means from which the witnesses could calculate the value must be looked to. Interest too has been charged at the end of each year upon the amount stated as the rents and profits. This is wrong. 1 *Fonbl.* 159. *(note.)* The value of the improvements ought to be set off against the inflamed amount of the profits.

*Brewer, jr.* for the Appellee. 1. The court of chancery will not, in some cases, give relief, where it can be obtained at law; yet it will give relief for mesne profits where infants are concerned. 1 *Madd. Ch.* 75. *Dormer vs. Fortescue,* 3 *Atk.* 130. Where any person enters upon the property of an infant, he is a guardian or bailiff for the infant. If he entered during the infancy, he may be called upon in equity to account after the infant's arrival to full age. Where there are not sufficient facts stated in a bill to give the court jurisdiction, the defendant must take advantage of it by demurrer. *North vs. Earl of Strafford,* 3 *P. Wms.* 149, 150. *Holder vs. Chambury, Ib.* 256. *Ludlow vs. Simond,* 2 *Caine's Cas.* 18, 19, 39, 40, 51, 52, 56. *Underhill vs. Van Cortlandt,* 2 *Johns. Ch. Rep.* 369. *Livingston vs. Livingston,* 4 *Johns. Ch. Rep.* 290. All the authorities opposed to the rule are stated in *Baker vs. Dacie,* 6 *Ves.* 686. The old rule is a good one; it was to prevent the protracting litigation. But this case is properly cognizable in chancery. At law the defendant could not be allowed for a discount of the one-fourth claimed by him. He would have been compelled to go into equity to obtain it. This shows the propriety of this suit.

2. Each of the lessors of the plaintiff at law, as he had a right to do, filed a separate bill in chancery. The defendant consented to account, and he cannot now object for the want of parties. The judgment at law was against the present defendant only, and he is alone to be made defendant in this action. *West vs. Hughes,* 1 *Harr. & Johns.* 578.

3. The defendant cannot say he did not receive the whole of the rents and profits. The judgment in ejectment makes him answerable, whether he received them or not; but he did receive them, and is therefore bound to pay over.

4. The rule adopted by the auditor in coming at the value of the rents and profits, is the universal one. The value is only to be proved by witnesses who know it, and who give their opinion as to their ideas of its worth, one year with another.

*Magruder*, on the same side. 1. The defendant should have demurred to the bill, or pleaded to the jurisdiction of the court. By answering he has consented to the jurisdiction, and it is now too late for him to take advantage of the want of jurisdiction. Before the case of *Baker vs. Dacie*, 6 *Ves.* 686, it was the practice to answer the discovery, and demur to the relief asked. Lord *Eldon* said, the defendant might demur to the whole bill, because relief was asked in the same bill, which went for a discovery also. In *Taylor & Warren vs. Fergusson & Robertson*, the point was not raised. In this case the bill was not merely for discovery, but it was also for relief; and it is no more a bill for discovery than any other bill. *Yallop vs. Holworthy*, 1 *Eq. Cas. Ab.* 280. *Newburg vs. Bickerstaffe*, 1 *Vern.* 295. *Northleigh vs. Luscombe*, *Ambl.* 612. *Mundy vs. Mundy*, 2 *Ves. jr.* 128. 1 *Fonbl.* 148, 149. 2 *Fonbl.* 237, (*and note.*) *Mitf.* 110. *Post vs. Kimberly*, 9 *Johns. Rep.* 470, 493, 501, 505. A person who has established his title to land may go into chancery for the rents and profits. If he proceeds at law, he cannot at the same time go into chancery. The court of chancery has concurrent jurisdiction with the courts of law in all such cases. The action at law for mesne profits is of modern invention, and does not take away the chancery jurisdiction. The answer of the defendant shows that this is a case proper for the court of chancery. If the bill had set forth facts stated in the answer, that would have given the complainant a right to go into chancery. *West vs. Jarrett*, 3 *Harr. & Johns.* 485.

2. The case of *Wendell vs. Van Rensselaer*, 1 *Johns. Ch. Rep.* 349, is an answer to the objection as to the proper par-

ties. The complainant comes to assert his own claim, and that of no other person. His claim is distinct from any other persons. If there are sundry wards, each may call on his guardian to account. The representatives of Mrs. *Mills* have no interest in this suit. The other persons are also claiming against this defendant in separate actions. The answer does not allege that the defendant paid over a portion of the rents to Mrs. *Mills*. The testimony of Mrs. *Mills* is not to be considered as a supplemental answer.

*Taney*, in reply. The general rule, that where a court of law can relieve, chancery cannot interfere, is subject to exceptions. The party must bring himself within the exception to enable him to go into chancery. There is no exception in favour of rents and profits. In a case of mere legal title chancery will never interfere in favour of rents and profits. A claim for rents and profits is not a matter of account. A landlord cannot go into chancery to demand an account of rents and profits, and demand payment. He must allege something beyond his legal title—that on account of difficulties he is prevented from a recovery at law. There are no difficulties alleged here, nor is it the case of landlord and tenant; but where there has been a recovery of possession of the land at law, and where mesne profits might also be recovered. There is a complete remedy at law—rents and profits are similar to mesne profits. If an infant claims equitable jurisdiction, he must claim while he is an infant, and cannot when of full age go into chancery. The rents and profits are given as an incident on deciding the question of right to the land, where the party has been kept out of possession by fraud, &c.

*Curia adv. vult.*

BUCHANAN, Ch. J. at this term, delivered the opinion of the court. There is a manifest error in the account stated by the auditor, on which the decree in this case is founded. *William W. Conner*, in his bill of complaint, seeks to recover one fifth of the rents and profits of the land recovered in the action of ejectment mentioned and referred to in the bill, by the five children and heirs at law of *William Conner*, of whom he is one; one undivided fourth part of which land, was

on the 23d of July 1824, since the recovery in ejectment, and pending this cause in chancery, adjudged by a decree of this court to the heirs of *Frederick Mills*.

The most, therefore, that *William W. Conner* could be entitled to on any principle, would be a fifth of the rents and profits of the remaining three-fourths of the land. Whereas, in the auditor's account, he is allowed at the rate of one-fifth of the rents and profits of seven-eighths of the whole land, deducting in favour of the heirs of *Frederick Mills* one-eighth only, instead of a fourth, which principle is inadvertently adopted in the decree. And although the difference produced in the amount is not very great, yet it is the duty of this court to correct it. We think, moreover, there is another error in the decree, involving a much larger amount. *Henry C. Drury*, in his answer, alleges, that he had possession of but a moiety of the land; and although some of the witnesses prove, that he rented out the other half, which standing alone, would have been sufficient to fix him with the rents and profits of the whole, subject to a deduction of one-fourth, by virtue of the decree of this court of the 23d of July 1824; yet the circumstances under which he acted in relation to the part rented out by him, are so explained by the other evidence in the cause, as to exonerate him from any charge, beyond the rents and profits of the moiety of the land occupied by himself. *Frederick Mills*, the father of the wife of *Henry C. Drury*, died in possession of the land, claiming an equitable title to the whole of it, and his widow, *Ann T. Mills*, continued in the undisturbed possession of it, until the fall of the year 1811, or 1812, when, as appears from her testimony, she gave up one half of the land to *Henry C. Drury* on account of the supposed equitable title of his wife, and of another of the heirs of *Frederick Mills*, whose interest he had purchased, and continued herself to receive the rent for the other half for the whole of the time covered by the decree, as guardian to one of the children of *Frederick Mills*, and on account of the infant daughter of his remaining child.

*Henry C. Drury*, therefore, never did receive the rents and profits for his own use, or occupy and enjoy the benefit of any other part of the land, than the half that was given up to him by *Ann T. Mills*; but seems to have acted as her agent only,

in renting out the other half, and receiving for and paying over to her the rent, as it became due and was received by him, which by law, as her agent, it was his duty to do; and this without compensation, and under the belief that the equitable title was in the heirs of *Frederick Mills*, who had at that time a bill depending in chancery against the heirs of *William Conner*, to compel a conveyance of the land. And to make him answerable now, for the rents and profits so received by *Ann T. Mills*, would be to make him pay for that which he never occupied, or derived any enjoyment, profit or advantage from; but merely rented out, and collected and paid over, the rent as it came into his hands, as the friend and connexion of another, for whose use he received, and to whom he was bound to pay it over. Under such circumstances we think he should not be made accountable to the heirs of *William Conner* for the rents and profits of that proportion of the land, which was retained by *Ann T. Mills*, and for which she received the rent; but of the moiety only, according to the proof taken in the cause, with interest, which, in the language of the witness, she gave up to him, and of which he took possession, subject to a deduction of one-fourth, on account of the decree of this court of the 23d of July 1824, for a conveyance by the heirs of *William Conner*, of that proportion of the land to the heirs of *Frederick Mills;* and that the decree of the chancellor, directing him to pay to *William W. Conner* a sum that is equal to one-fifth of seven-eighths of the rents and profits of the whole land, is erroneous and ought to be reversed. If *William W. Conner* wishes to obtain a proportion of the rents and profits of that moiety of the land, which *Ann T. Mills* did not yield up to *Henry C. Drury*, he must look to another quarter.

The objection, taken in argument, to the jurisdiction of the court of chancery in this case, on the ground that the bill, upon the face of it, discloses a case, in which the party has a complete remedy at law, cannot, we think, be sustained. It is certainly true, as a general position, that chancery will not entertain a bill, where there is a full and complete remedy at law, and no ground is shown for going into equity. And ordinarily a bill for mesne profits, after a recovery in ejectment, showing no obstacle at law, and stating no ground of equitable re-

lief, would, on plea or demurrer, be dismissed, there being an adequate remedy at law; and perhaps at the final hearing without either plea or demurrer, under the practice of this state, which has not been very fully looked into.

But this is not the case of an adult coming into chancery for mesne profits accruing after he became of age, and showing no ground for equitable interference. Whoever enters upon the estate of an infant, is considered in equity as entering as guardian for such infant. *Bennett vs. Whitehead*, 2 *P. Wms.* 645. *Morgan vs. Morgan*, 1 *Atk.* 489. *Dormer vs. Fortescue*, 3 *Atk.* 130. 1 *Madd. Ch.* 74. And after the infant comes of age, he may, by bill in chancery, recover the rents and profits. *Bennett vs. Whitehead*, 2 *P. Wms.* 645. And if a person so entering shall continue the possession after the infant comes of age, chancery will decree an account against him as guardian, and carry on such account after the infancy is determined. *Morgan vs. Morgan*, 1 *Atk.* 489. 2 *Fonbl.* 236. And treating a person who shall enter upon the estate of an infant, and receive the rents and profits, as the guardian of such infant, as it seems chancery does, there is no reason why the infant, when he arrives at age, should not have a bill in chancery against him for an account of the profits which have so come into his hands as guardian, that would not apply to the common case of a ward, after he comes of age, going into chancery against his guardian, legally appointed, for an account. In this case the bill alleges that *Henry C. Drury* took possession of the estate of *William W. Conner*, during his minority; that he continued a minor during the whole period of the possession of *Drury*, and that *Drury* received the rents and profits as his guardian.

Upon the face of the bill, therefore, there is a case made out for the jurisdiction of a court of chancery; and the objection to the jurisdiction on the ground that the bill presents a case in which the party has a remedy at law, does not properly apply.

The bill, upon the face of it, disclosing matter sufficient to give jurisdiction to the court of chancery, it was not a case fit for a demurrer; and if in point of fact, *William W. Conner*, was not a minor at the time *Henry C. Drury* acquired

possession of the land, it ought to have been pleaded, and can-
not now be taken advantage of.

Agreeably to the directions of the court an account was stat-
ed, charging the appellant on the 1st of January 1819, for the
rents and profits of *Holloway*, or *Oliver's Preservation*, as by
the auditor's *account B*,                                    $630
On the 6th Decr. 1824 for interest on said rents and
profits as per said account,                                 337 58

                                                            ———————
                                                            $967 58
Deducting *Henry C. Drury's* ¼ part,                         241 90

                                                            ———————
                                                            $725 68
Charging him with *William W. Conner's* 1-5 of
balance,                                                     $145 14
With interest on 1-5 of ¾ of $630 or $94 50 from
the 6th of December 1824.

*Decreed*, that the decree of the court of chancery be re-
versed—*Decreed* also, that the appellant pay to the appellee the
sum of $145 14, with interest on $94 50, part thereof, from
the 6th of December 1824—*Decreed* also, that the appellant
pay to the appellee his costs in the court of chancery, each
party paying his own costs in this court.

DECREE REVERSED, &c.