LEVI CHANEY *vs.* CHARLES SMALLWOOD.—*December* 1843.

Parties who take possession of the personal property of infants, and retain and use the same, will be considered in equity as those who enter upon and use their real estate, treated as guardians, and liable to account accordingly.

Where a father died, having in his possession slaves belonging to his children, his widow, as his administratrix, took possession of them, held and claimed them as her own; while the children were minors, she married again, and the retention and use of the property was continued by the second husband and wife, until her death, and by him until the time of the decree. HELD: that in equity he is only responsible for the conversions and hires accruing after the time of his marriage with the administratrix.

APPEAL from the Court of Chancery.

On the 8th April 1839, *Charles Smallwood* and *Henrietta,* his wife, *Joseph Smallwood* and *Matilda,* his wife, filed their bill, alleging, that H. and M., whilst they were infants, and before their marriage, became entitled to sundry negroes, which came into the hands of *Zephaniah Mitchell,* the father of said H. and M.; that after his death, in the year 1820, his widow, *Providence Mitchell,* was duly appointed guardian to H. and M., and as such, took possession of the said negroes; that in the year 1828, P. intermarried with *Levi Chaney,* who, in virtue of his marriage, together with the said *Providence,* as guardian of the said H. and M., continued in possession, and are now in possession of some of said negroes, to wit, &c.; that in the year 1835, *L. C. and wife* sold some of said negroes, and received payment therefor: some of the said negroes were hired out, and some retained in possession of L. and P. C., before and since their marriage; that they are responsible for their reasonable hires; that H. and M. are now of full age. Prayer for a discovery and an account and delivery up of said negroes; injunction and general relief.

L. C. and wife answered this bill, and alleged, that all the negroes named in the bill are the descendants of a negro woman, slave, named *Peggy,* of whom the said *Zephaniah Mitchell* acquired the possession about twenty-five or thirty years ago; that several of the said descendants were born whilst the said Z. M. was so in possession, and that they always were used and held by him as his own absolute property; that at the death of the said Z. M., some of the said negroes were in his possession, and returned sold and accounted for by the said P. M., as the administratrix of the said Z. M.; that subsequently to the said sale, the said negroes became the *absolute property* of the said P. M., and so remained until her marriage with the said *Levi,* from which period they have remained the absolute property of the said L. and P. C., except those sold, &c. The answer then set forth the hiring of the negroes, their value, &c.; that many of them were not worth more than their support, &c., and then denied that the female

complainants, or either of them, ever were, in any manner, entitled to, or ever had, possession of the said negroes, or any of them, or that the said P. ever was appointed guardian to the said female complainants, or as such, ever took possession of the said negroes. The answer also relied on the statute of limitations as a defence to said bill.

A commission to take proof was then issued by agreement of parties, and a variety of testimony taken, which is sufficiently adverted to in the opinion of this court.

It however appeared in proof that *Matilda* was married on the 14th February 1837, and *Henrietta* on the 28th July 1836.

By an account proved on the 28th October 1829, by *Levi Chaney*, husband of *Providence Mitchell*, administratrix of *Z. M.*, before the orphans court of *Anne Arundel county*, the accountants obtained the following credit "of current money allowed this accountant for negroes *Susan, Sarah, Nell, Peg* and her child, returned in the account sales of 17th October 1825, and *not belonging to the deceased estate, and proved to the satisfaction of the court as the property of M. and H. M.*, amounting to $221.

On the 23rd August 1836, *L. C. and wife* petitioned the orphans court for permission to correct their account of October 1829, and to be *recharged with the said negroes* as the property of *Z. M.*, which was so ordered, and an account on that basis was passed and sworn to.

On the 23rd March 1842, the Chancellor (Bland) decreed, "that the defendant, *Levi Chaney*, forthwith deliver up unto the plaintiffs, *Charles Smallwood* and *Henrietta*, his wife, and *Joseph Smallwood* and *Matilda*, his wife, the negro woman slave *Peggy*, and her children and descendants or increase, in the bill of complaint mentioned, and which, or any of them, are now in the possession or under the control of the said defendant. And also, that the defendant, *Levi Chaney*, account with the said plaintiffs of and concerning the hires and profits of all and each one of the said negro slaves, which may have come into the hands and been in the possession of the said *Levi Chaney* and the late *Providence*, his wife, or either of them,

from the death of the said *Zephaniah Mitchell* until the deliv-
ery of the said negro slaves unto the said plaintiffs, as herein-
before directed ; and, moreover, that the said *Levi Chaney* ac-
count with the said plaintiffs of and concerning the full value
of the said negro slaves, or any of them, which have been sold
or disposed of and not delivered as hereinbefore directed. And
this case is hereby referred to the auditor with directions to
state an account accordingly from the pleadings and proofs
now in the case, and such other proofs as may be laid before
him. And the parties are hereby authorised to take testimony
in relation to the said account before any justice of the peace,
on giving three days notice as usual : provided, that such tes-
timony be taken and filed in the chancery office, in this case,
within one month after the delivery of the said slaves as herein-
before directed."

From which decree *Levi Chaney* appealed.

The cause was argued before STEPHEN, ARCHER, DOR-
SEY and SPENCE, J.

By RANDALL for the appellant, and
By ALEXANDER for the appellee.

SPENCE, J., delivered the opinion of this court.

Of the questions raised in this cause, the first of which we
shall attempt to dispose of, is that of jurisdiction.

This court, in *Drury vs. Conner*, 1 *Har. & Gill*, 220, deci-
ded that "whoever enters upon the estate of an infant is con-
sidered in equity as entering as guardian for such infants,
and after the infant comes of age he may, by bill in chancery,
recover the rents and profits. And if a person so entering
shall continue the possession after the infant comes of age,
chancery will decree an account against him as guardian, and
carry on such account after the infancy is determined." And
this doctrine is sanctioned and maintained by the cases of
*Burnett vs. Whitehead*, 2 *P. Wms.* 645 ; *Morgan vs. Morgan*,
1 *Atkins*, 489 ; and *Dormer vs. Fortescue*, 3 *Atkins*, 130.
We cannot distinguish in principle the case now before us

Chaney vs. Smallwood.—1843.

from that of *Drury vs. Conner.* The bill in this case charges that when the complainants were infants the respondent took possession of the negroes in controversy and held and received the profits of them up to the time of filing the bill. We are unable to discover any sound reason to exclude the jurisdiction of courts of equity from affording similar relief in relation to personal estate, as it is adjudged they have in regard to the rents and profits of real estate, where infants are the parties complainants in both cases. Believing that there is no such distinction, we determine that courts of equity have jurisdiction in such cases.

The next question is as to the right of property. The testimony is obscured by the clouds which are thrown over the characters of some of the witnesses by impeachment, but we think there remains enough untarnished to satisfy our judgments conclusively that the negroes mentioned in the proceedings belong to the complainants. The circumstances and facts of the case, the declarations of *Chaney*, and especially his acts in the orphans court of *Anne Arundel county*, might satisfy any impartial mind, that these negroes were the property of the complainants.

The admissions of *Chaney* are abundantly sufficient to take the case out of the statute of limitations.

We think the Chancellor erred in decreeing the defendant, *Levi Chaney*, to account with the plaintiffs for the hire and profits of the negro slaves from the time the same came into the possession of *Levi Chaney*, and the late *Providence*, his wife, or either of them.

This court therefore reverse this decree in this particular, and will sign a decree that the said *Levi Chaney* account for the hire and profits of the negro slaves from the time said *Chaney* intermarried with *Providence Mitchell.*

DECREE REVERSED IN PART.