HANNA
*vs*
SPOTTS' HEIRS.

---

CHANCERY.

*Case* 85.

*April* 30.

The case stated.

## Hanna *vs* Spotts' Heirs.

ERROR TO THE HANCOCK CIRCUIT.

*Bills of review. Guardian. Trustees. Infants. Decrees.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

HANNA filed his bill in the Hancock Circuit Court, against the administrator and infant heirs of Samuel Spotts, deceased, setting up a demand on two notes, one for $484, with interest from the 16th November, 1832, which he charges had been assigned to him by Edward Colston; the other for $1,800, with interest from the 23d July, 1833, which he claims to have been assigned to him by Wm. G. Hawes. Both of these notes he alledges were executed by said Spotts, in his lifetime, and the former for the last instalment due upon a contract for the purchase of a tract of land from the executor of Colston, the assignor, and prays that the tract of land might be sold, also another tract of land purchased by Spotts of Maupin's executor, to satisfy the two demands, interest, &c. Process was served on the administrator and three of the infant heirs, and publication made against the fourth as a non-resident. *Copies* of the notes and assignments were exhibited, also a *copy* of the contract with Colston's executor, and the originals of either were never produced or filed, though promised, if necessary. The administrator living in a distant county, entered his

appearance, but never answered, and a formal answer for
the infants, filed by the Clerk of the Court without being
sworn to, he being appointed guardian *ad litem*, on the
motion of the complainant.  On the first day of the Oc-
tober term, 1836, an interlocutory decree was rendered,
requiring the administrator and infants of Samuel Spotts,
deceased, to pay to the complainant the demands afore-
said, with interest and costs, on or before the second day
of the same term, and on the third day of the term, upon
their failing to pay, a final decree was rendered, without
giving the infants day after they arrived at age, to open
the decree or controvert its validity, directing the sale of
the two tracts of land to satisfy the same.  A sale was
made by a Commissioner, who was appointed for the
purpose, and Hanna became the purchaser of both tracts,
the one upon which the lien was claimed for $1,750, the
other for $352, the two amounts being less than the
amount decreed him, and a deed was made to him by
the Commissioner, as was directed by the decree.

At the October term, 1841, Harry I. Spotts, one of
the infants, having arrived at age, appeared in Court, and
in conjunction with his infant brothers and sisters, for
whom he appeared as next friend, exhibited a petition
with an answer, which they made a cross bill, praying that
they may file the same and that the decree might be open-
ed and set aside for causes of error assigned on the face
of the record, as well as for other causes of fraud and
breaches of implied trust, extraneous the record, which
thay charge in the proceedings, decree, sale, and purchase
by Hanna.  By the leave of the Court, the answer was
filed and cause reinstated on the docket.  At a subse-
quent term, to-wit: at the April term, 1843, the heirs of
Spotts appeared, and by leave of the Court, filed an
amendment to their cross bill, which made the petition
and former answer and cross bill parts thereof, and pray-
ed that said decree might be reversed and set aside for
the errors assigned in the petition and answer, or in case
that cannot be done consistently with the rights of others,
to whom it was alledged Hanna had sold and conveyed
immediately after his purchase, for a large amount over
and above the amount bid, and greatly exceeding the

HANNA
*vs*
SPOTTS' HEIRS.

Petition of
Spotts' heirs and
answer.

HANNA
*vs*
SPOTTS' HEIRS.

amount of the whole demand claimed by him, that the sale be permitted to stand, and a decree rendered against Hanna for the excess of the proceeds of sale, with interest, as Trustee.

Process was served on Hanna in Franklin, and he failing to answer, the bill was taken for confessed, and a decree rendered against him, in favor of each of the heirs for $1,688 38 cents. From this decree Hanna has prosecuted a writ of error to this Court.

Decree of Circuit Court on bill of review of Spotts' heirs.

The proceedings in this case, to attain the object intended, are exceedingly informal and irregular. But waiving the question whether a non-resident infant may not have the right to open a decree against him at any time within seven years, notwithstanding a formal answer had been put in by a guardian *ad litem*, appointed at the instance of the complainant, we are satisfied that the amendment filed by the heirs of Spotts, at the April term, 1843, taking the petition and former answer, with all their allegations and assignment of errors as parts thereof, is not only sufficient to be sustained as a bill of review for errors apparent on the record, but also a bill in the nature of a bill of review for fraud in the proceedings, decree, and sale.

I. It possesses all the essential characteristics of a bill of review, for errors apparent on the face of the record. It prays that the decree may be reviewed and set aside for the errors assigned, the most of which are errors apparent on the record, and is prosecuted as an original, by the service of process on the complainant in that decree.

Several of the errors assigned are also sufficient to authorize the review and reversal of the decree.

Decrees against infants should give day for opening the decree after their arrival at full age.

1st. No time is allowed to the infants to show cause against the decree after they attain full age.

2d. The infants or their guardian, cannot be presumed to know any thing about the notes, which are claimed to have been executed by their ancestor, nor of their assignment to the complainant, nor of the genuineness of either, and copies only were exhibited, it was, therefore, erroneous to take the bill for confessed against the infants as to those matters, upon the exhibition of copies only; nor

It is error to take a bill for confessed against infants' or to decree against them upon fil-

should a decree have been rendered against them at all, without requiring the production of the originals.

3d. The right to proceed against lands of the non-resident infants for the demand claimed on the note for $1,800, upon which there was no subsisting lien, rests on the authority of the statute of 1827, (1 *Stat. Laws*, 99.) The second section of that statute expressly provides, "that no decree shall be entered until after the complainant shall have executed bond with security, to be approved by the Court, in a penalty to be fixed by the Court; which bond shall be taken to the Commonwealth of Kentucky, for the use of any person who may be injured thereby, conditioned to pay any damages which may be adjudged any person in consequence of the decree or sale aforesaid." No such bond has been executed, either before or after the decree.

But II. Passing by other apparent error and proceedings and decree, the amendment is sustainable and was properly sustained as a bill in the nature of a bill of review for fraud in the proceedings, decree, and sale.

It is alledged in the answer and cross bill, which is made a part of the amendment, that their father died leaving them tender infants, and possessed of a valuable estate in lands, lying in different States, sufficient to pay all just debts, and still to leave them a handsome property, if the same had been properly attended to and applied to that object. That Hanna, as their nearest relation, being their uncle, took possession of them and their estate, and was regarded by them as their legal guardian; whether he was, in fact, legally appointed their guardian they do not know; he however, exercised the control of guardian over them and their estate, and was confided in as such, and had access to and inspection of their father's papers and titles as such. If this be so, and this charge among others in the cross bill, is not answered or denied, then should Hanna be treated and regarded as *quasi* guardian or trustee, and subjected to those responsibilities which devolve upon one occupying that relation. As *quasi* guardian or trustee, he had no right to take advantage of the confidence reposed, or the means which his relation afforded, to speculate upon his infant wards

HANNA
*vs*
SPOTTS' HEIRS.

ing copies only of the bonds of their ancestor.

It is error to subject the lands of non-residents to the payment of debts without the bond required by the statute.

A bill in the nature of a bill of review may be sustained for fraud in obtaining a decree.

One who assumes to act as guardian will be held to that fidelity due from a guardian in fact.

or *quasi* wards, by buying up outstanding debts against the estate at an under rate, and using them with or with-out the sanction of a judicial proceeding, to acquire in his own name, the valuable lands of his infant wards; much less, after he had availed himself of the informa-tion and means which his attitude afforded, and purchas-ed up outstanding claims against their estate and obtain-ed the sanction of a formal decree against those whose interest it was his duty to defend, had he the right under pretence of buying in the lands for the benefit of his in-fant wards to purchase at a reduced price, and take the title to himself, and especially by holding out induce-ments to others who were present and desired to purchase, that he would sell to them upon favorable terms, or by holding out any other inducements, by which they were prevented from bidding at the sale. Yet these things are charged in the cross bill and not denied. If they be true the most palpable breach of trust, abuse of confidence, and fraud have been perpetrated upon the infants rights, under color of a judicial proceeding, which cannot for a moment receive the sanction of a Court of Equity.

These things are not only charged, but it is further charged, and the deeds evidencing the facts exhibited, that he immediately sold the identical same lands which he had purchased at $2,102, for $7,430, and one tract which he had bid off at $350, after inducing others under some pretence to withdraw higher bids which they had made, he sold for $5,430, and these sales were made to persons who were present at the sales, and were anxious to buy. It is further charged that he purchased the note of $1,800 at a reduced price, they believe at the rate of about sixty cents to the dollar, and upon favorable terms of payment. These charges with others in the answer, standing uncontradicted, make out a clear case of fraud and breach of implied trust, in the inception and presen-tation of the claims to a Court of Equity, and fraud and breach of implied trust in obtaining the decree, and pal-pable fraud and breach of implied trust in the sale and acquisition of the infants lands, which entitle them to the interposition and aid of the Chancellor, in a bill in the nature of a bill of review for fraud and breach of trust.

And this proceeding, as well as the bill of review, was properly instituted in the Court where the decree was rendered, and that Court alone perhaps could take jurisdiction of the case. The unity and integrity of the record requires that errors in the decree or fraud in its obtention, should be corrected alone by original proceedings in the Court where it was obtained.

HANNA
*vs*
SPOTTS' HEIRS.

A bill in the nature of a bill of review for fraud in an original decree, should be filed in the Court where the decree was had.

Nor do we perceive any error to the prejudice of Hanna in decreeing him, upon the alternate prayer of the infants bill, to account to them for the excess which he received over and above the amount of his demands, from the purchasers of the lands from him. It was competent for them to ask a restitution of their lands, or under the sanction of a Court of Equity, to affirm the sale and seek from their *quasi* trustee, the amount which he had received for them, and interest thereon. Those to whom he has sold may be innocent purchasers, and in that event they might not be entitled to a restitution of the land, and if they were, it might be most to their advantage to obtain a decree against Hanna, for the proceeds of his sales, with interest, and he has certainly no right to complain. The ground taken by the counsel in the argument, is untenable, namely, that the infants have no right to affirm the sale, and that after they attained majority, they would have the right to overhaul the decree and recover their land. As *complainants*, which is the attitude they occupy in this case, the decree in their favor is conclusive upon them, though they are infants, and they have, in the general, no more right to question such decree hereafter, than if they were adults. They may and have a right to open a decree against them as infant defendants, after they attain full age, but have, in the general, no right to open a decree in their favor, obtained upon their own prayer as infant *complainants*, nor to question it collaterally.

Infants in general, have no more right to open a decree in their favor or question it collaterally, than adults.

But there is error in the decree, as we think, to the prejudice of Hanna in one particular. It appears from a deed exhibited by the infants, as evidence of one of Hanna's sales of a part of the river tract, that he sold the same, as to $3,275 of the amount, upon a credit of near one and two years, and this sum forms a part of the amount decreed to the infants. It is not avered in their

HANNA
*vs*
SPOTTS' HEIRS.

bill, nor does it appear in the record, that this sum has ever been paid to Hanna, or that he has ever collected it, or will be able ever to collect it. It may not in fact, be collectable, though the presumption is strong that it is, from the fact that the terms of sale are shown in the deed, and an implied lien on the land is raised for its payment. If he has not received the money, and has been guilty of no laches causing its loss, he should not have been made liable as *quasi* trustee, for the amount in money, but should only in the event that it has not been collected, have been required to assign and deliver over to the infants the notes, and all evidences and liens securing the payment of the same, as well as all proceedings had to enforce payment.

And as for this error, the decree is erroneous, and

A guardian or *quasi* trustee purchasing up debts against his ward or *cestui que trust*, is only entitled to be reimbursed to the extent of the sums expended, and interest.

must be reversed, it is proper to remark, that the infants may have been prejudiced by the decree as rendered. As *quasi* guardian or trustee, Hanna was entitled to a credit only for the amounts which he expended in the acquisition of the notes assigned to him, when reduced to a cash value, and interest thereon, and has obtained a credit for the whole amount of the notes and interest. Though it may be questionable, whether the allegation is sufficiently specific, ("that they believed he had purchased one of the notes at about sixty cents in the dollar only, and upon favorable terms of payment,") to entitle the infants, in a decree upon confession, to an abatement of the excess not paid by Hanna; yet if upon answer or proof, it should turn out that Hanna did purchase the note at a discount, or upon more favorable terms of payment than the payment of cash, Hanna should be allowed a credit only for the cash value of the amount expended in the purchase, and interest thereon.

The decree is erroneous, and must be reversed, and cause remanded, that an enquiry may be instituted by an auditor or otherwise, to ascertain whether the amounts for which Hanna sold a part of the river tract, upon a credit, have been paid in part or in whole, and if paid in part only, what amount has ben paid, and when paid; and further, that enquiry be made, and proof taken as to the amount which Hanna paid in the purchase of the

notes assigned to him, and in what payment was made, and if in property, the value thereof at the time of payment, and when and upon what terms payment was made. And that the auditor have power to interrogate Hanna upon all these points, if the infants desire it; and upon the coming in of the report, that a decree be rendered as indicated in this opinion.

But as the decree was rendered on a confession of the bill, and without an answer, and must be reversed, and the cause remanded for error noticed, and Hanna may be able to explain and counteract the severe charges made against him in the bill, should he show sufficient and satisfactory cause, he may be allowed to file his answer.

Decree reversed, &c.

*Cates & Lindsey, Monroe and Crittenden* for plaintiff: *Harlan & Craddock, Morehead & Reed, and Hardin* for defendants.