## HENRY DENT *v.* E. BENJAMIN.

**Guardian and Ward—Adverse Interests Not Permitted.**

A guardian is bound to protect the interests of his ward, and may not place himself voluntarily in a position where his own personal interests are in conflict with those of his ward.

**Adverse Interests—Ward's Election.**

Where a guardian buys in property at a low price where it is his ward's interest to have the property sold at a high price, such a sale may be set aside.

**Ward's Election.**

If such a sale is consummated the wards may either elect to treat such a purchase as having been made in trust for them, or may repudiate it.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

June 25, 1874.

OPINION BY JUDGE LINDSAY:

It is not necessary to determine whether the alleged irregularities in the proceedings resulting in the decretal sale of the Fifth Street property, would be sufficient to justify the chancellor in refusing to adjudge a specific performance of the contract between Dent and Benjamin. After the judgment in the case of *Mankin v. Dent* had been rendered, and before the sale, Henry Dent became the statutory guardian of the infants whose property was about to be sold. He was, from the date of his qualification as guardian, bound to protect the interest of his wards, and had no right to place himself in a position, in which his own interests would be antagonistic to those of his wards.

As a bidder at the commissioner's sale, he was clearly interested in purchasing the property at the lowest possible sum. His wards were interested in having it sold at the highest market price. Here was a conflict of interest brought about by the voluntary act of Dent. It is no excuse that his life estate was being sold. He knew that it was to be sold, when he accepted the position of guardian; and having acted in the premises with full knowledge of all the facts, he cannot make his own protection a pretext for disregarding his obligation to guard the interests of his wards. Whilst in exceptional cases, guardians may be allowed to purchase the estate of their wards, when sold by order of a court of competent jurisdiction, it is always incumbent upon them to show the utmost good

faith, and that the purchase is not prejudicial to the ward. Here it is evident that the property was sold for less than its real value. It is also manifest that the lien of the infants had been released, and that Dent, the purchaser, did not, at the time, nor at any subsequent time, set apart to their credit any part of the amounts to which they are entitled. Further than this, he has failed to show that he was, at the time the lien was released and the legal title to the property passed to him, or that he is now, able to pay to his wards the amounts to which they are respectively entitled. It may be that the sureties on his bonds as guardian are solvent. Of this we know nothing. But even if they are solvent now, they may not be, when the wards arrive at age. It is perfectly clear that the wards may elect to treat Dent as holding in trust for them, and it is more than probable they will elect to do so, in the event they are unable to recover on the guardian's bond the amounts due them under the sale.

A vendee cannot be compelled to accept a title of this character. Such a title is not marketable. No reasonably prudent man would purchase the property and risk the action of Dent's children after they arrive at age. This is not a mere doubtful title. It is not good, and cannot be made good until Dent's children arrive at age, and ratify and confirm his purchase.

The chancellor properly refused to decree a performance of the contract, and properly adjudged that it should be vacated and held for naught.

Judgment *affirmed.*

*Barr, Goodloe, for appellant.*
*Gibson & Gibson, for appellee.*