## THORNTON *v.* GILMAN.

A guardian *de son tort* cannot purchase his ward's land at a tax sale.

WRIT OF ENTRY. Facts found by the court. For several years before 1885, Sarah J. Cram was the owner of the land described in the writ, which is situated in Thornton. From 1885 to her death in 1890 she was mentally incapable of doing business, but no guardian was appointed over her. In 1886 her brother, Jonathan Gilman, represented to the selectmen of Thornton, where she was living upon her place, that she was sick and in need of assistance from the town. In accordance with an arrangement then entered into, Jonathan cared for her at his home for several years, converting some of her personal property into money, which he accounted for to the town, and bid off her real estate at a tax sale, taking a deed of it from the collector in his own name. He then conveyed the land to the town, which had paid out more than its value in the support of Mrs. Cram. Jonathan's death occurred a few days before that of Mrs. Cram. His son, the defendant, is one of her heirs, and is in possession of the land, claiming title by inheritance.

*Burleigh & Adams*, for the plaintiffs.

*Joseph C. Story* and *Bingham & Mitchell*, for the defendant.

*Per Curiam.** Jonathan Gilman assumed the care of his sister and her property when it became necessary that some

---

* See foot-note on page 80.

one other than herself should perform that duty. In legal phraseology, he became her guardian *de son tort*. Without a technical appointment he performed duties pertaining to that office, and in consequence thereof became subject to many of its liabilities. For many purposes he was bound properly to discharge the official duties which he assumed, and was generally subject to the same rules and remedies as a trustee legally appointed. Per. Tr., s. 245; *Hanna* v. *Spotts*, 5 B. Mon. 362, 365; *Jacox* v. *Jacox*, 40 Mich. 473, 480; *Bowe* v. *Bowe*, 42 Mich. 195; *Blomfield* v. *Eyre*, 8 Beav. 250; *Drury* v. *Conner*, 1 H. & G. 220, 230; *Chaney* v. *Smallwood*, 1 Gill 367; *Bennett* v. *Austin*, 81 N. Y. 308, 322. If he had been a *de jure* guardian of his sister and her estate he could not have acquired a valid title to her land sold for the taxes assessed against her. Black. Tax Tit., s. 566; *Drew* v. *Morrill*, 62 N. H. 565; *Saunders* v. *Farmer*, 62 N. H. 572; *Laton* v. *Balcom*, 64 N. H. 92. His duty to protect her estate in his assumed relation to her was as great as it would have been if he had had an appointment from the probate court; and his performance of that duty, with or without a formal appointment, was not legally consistent with his status as a purchaser of her land at a tax sale. As the town was a party to the arrangement by which the land was sold, and understood fully the relations which the assumed guardian sustained to Mrs. Cram, it acquired no title to the land. Black. Tax Tit., s. 275.

*Judgment for the defendant.*

SMITH, J., did not sit: the others concurred.