## Johnson v. Harris, et al.

(Decided February 19, 1924.)

### Appeal from Shelby Circuit Court.

1. Wills—Life Tenant Held to have Power in Gross Under Will which was Extinguished by Conveyance.—Under a will devising property to widow for life, providing, "if at the death of my wife either of my two daughters be dead, the share that such daughter

would have received will pass as directed by my wife who is hereby given full authority to dispose of my estate by will, the same as fully as if she had the fee-simple title to such estate," followed by a clause, "at the death of my wife I will my entire estate to my two daughters, E. and M., share and share alike," held to give the life tenant a power in gross and not collateral, and not a power coupled with a trust or duty and such power was extinguished by a conveyance by the widow and one daughter to the other daughter and her husband.

2. Guardian and Ward.—Presumed Guardian Approved of Sale of Land.—The presumption is that a guardian whom will directed should approve sales of land deemed it expedient to sell such land where he joined in deeds conveying the lands.

3. Guardian and Ward—Sale Held Authorized Simply if Guardian Deemed it Expedient.—Under a will providing that, if guardian should deem it expedient to sell land, sale should be made and the guardian should reinvest the proceeds, held, that it was not required that a sale be necessary or proper; it being sufficient that it was authorized by the guardian when deemed expedient to sell the land.

4. Guardian and Ward—Ward and All Others Estopped to Challenge Sufficiency of Conveyance to Guardian After Fifty Years.— Neither a ward, nor other persons, may question the validity of a deed of land by the ward to her guardian, where she has not questioned the conveyance for fifty years.

PICKETT, BARRICKMAN & KALTENBACHER for appellant.

E. B. BEARD and JOSEPH H. BULLOCK for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

The appellees, Mrs. Virginia Harris, et al., seek the specific performance of a contract of date March 17, 1922, by which she and others agreed to sell to appellant Johnson a farm located in Shelby county at the price of $125.00 per acre. Appellant Johnson declined to carry out the contract, although he admits he entered into it, because, he says, appellee's title was and is not perfect and that the deed which they tendered did not convey a merchantable title. The boundary of land mentioned in the contract is composed of two tracts, or rather the appellees acquired title from two different sources, each of which is questioned in part. The first tract in question was acquired by appellees by will from Charles H. Harris, husband of appellee Virginia Harris, and father of the other appellees. The title to this tract is questioned, the appellant saying in his answer "that

Charles H. Harris, husband of plaintiff, Virginia F. Harris, and the father of plaintiff, Emma Thompson, died seized and possessed of the first tract of land described in plaintiffs' petition therein, containing 219 acres, and that by the terms of the will they devised said real estate to the plaintiff Virginia F. Harris for life and at her death to Emma Mae Thompson and Martha Lee Erksine, share and share alike, the will providing: "If at the death of my wife either of my two daughters be dead, the share that such daughter would have received will pass as directed by my wife, who is hereby given full authority to dispose of such part of my estate by will, the same as fully as if she had the fee simple title to such estate."

Just above the quoted clause is the third clause, reading:

"At the death of my wife I will my entire estate to my two daughters, Emma Mae and Martha Lee, share and share alike."

This clause appears to invest the daughters with a fee in remainder. If it is modified by the fourth clause above copied, it vests the widow with power to dispose by will of the share of either daughter upon the death of such daughter before the mother. The third and fourth clauses must be read together, and when so read the daughters take a fee subject to be defeated upon the death of either before the death of the mother should the mother exercise the power and dispose of the interest or the share. Otherwise the share would pass to the heir or heirs of the daughter. The power is one in gross and not collateral. The mother was not required nor was she under duty to exercise it. She had the privilege of doing so, but if she failed to exercise the power the share passed to the heirs of the daughter. It seems well settled that a power of appointment, as in this case, given to the life tenant to appoint by will is a power in gross and not a power collateral, or a power coupled with a trust or duty; and such a power may be extinguished by the donee. Any dealing with the property which is the subject of a power inconsistent with the exercise of such power will operate as an extinguishment of the power. Columbia Trust Co. v. Christopher, 133 Ky. 335; 21 R. C. L. 808, sections 43 and 1054.

The facts with respect to this contract are as follows: After the death of Harris and the probation of the will,

the widow, appellee Virginia Harris, and one of the daughters sold and conveyed their interest in the lands to the other daughter and her husband at a named consideration. After the conveyance the grantees mortgaged the property to raise money sufficient to pay for it. It is otherwise encumbered. The widow, having joined in the deed, it is insisted by appellees that the power granted her by the will of Harris to dispose of the share of either daughter upon the death of the daughter during the life of the widow, was extinguished and this seems quite correct, for in signing and executing the deed Mrs. Harris estopped herself to exercise the power of disposition of the real property other than that made by her deed. It follows, therefore, that the widow and the two daughters were possessed of the entire fee to the land and were capable of transmitting perfect title by deed of conveyance. The deed which they tendered to appellant for this part of the land was good and valid and should have been accepted by him.

The second tract was acquired under the will of John E. Crockett, which was made in June, 1872. By the second paragraph of the will of Crockett it is provided: "I will to my wife for life one-third of my farm, including the residence and improvements the land to be laid off to her according to quantity and quality without placing any value on the residence or improvements, and this one-third I devise in remainder subject to my wife's life estate, equally to my four daughters, Amanda M. Wilson, Margaret, Nancy and Lorilla, or such of them as are living at my wife's death (in case of the death of either of them before my wife, leaving issue, such issue shall take the mother's portion) for the sole and separate use of my said daughters during life free from the debts or control of any husband they may have."

Continuing, the will says:

"If after the death of my wife my daughters or guardian, R. Y. Crockett, shall deem it expedient to sell said land, or if any one of my daughters or her guardian, R. Y. Crockett, should deem it expedient to sell her interest, I direct that said sale may be made by and with advice and consent of my brother Robert, who shall collect the purchase price and reinvest the same in other lands or real estate to be held for like purposes and uses for which the land sold was held under this will."

Some time after the death of the testator Crockett and the probation of his will, one of the daughters sold her share in the lands to her guardian and the balance of the land was sold and conveyed by the daughters of Crockett, their guardian, R. Y. Crockett joining in the deed. It is now insisted that the deed from the daughter to her guardian did not pass title. This deed was made in 1872, almost fifty (50) years before the commencement of this action. So far as the record shows the deed had never been questioned. The presumption is that the guardian whom the will directed should approve the sales of the land and look to the reinvestment of the funds in other real estate "deemed it expedient to sell said land." That was the only limitation put upon the sale of the land by the testator when he said: "If after the death of my wife my daughters or their guardian shall deem it expedient to sell said land; or if any one of my daughters or her guardian, R. Y. Crockett, should deem it expedient to sell her interest," then the testator directed that the sale might be had upon the advice and consent of his brother, R. Y. Crockett, "who shall collect the purchase price and reinvest the same in other lands or real estate to be held for like purposes and uses for which the said sale was held under this will."

Clearly a perfect title could be passed to the lands by the daughters or either of them, upon the advice and consent of R. Y. Crockett. He gave this consent by joining in the questioned deeds and conveying the land. He must have approved the transaction, else he would not have signed and acknowledged the deed. It is said, however, in brief for appellant that it is not shown by the record that the sale was necessary or proper. This was not required by the provisions of the will. The sale was authorized if the guardian "deemed it expedient to sell the land."

The deed of the daughter to her guardian, R. Y. Crockett, was not void, and as she has not questioned it for about fifty (50) years, she is now estopped to do so, and she being unable to challenge the sufficiency of that conveyance no one can do so for her. Hanna v. Spott's Heirs, 44 Ky. 362; 43 Am. Dec. 132; Scott v. Freeland, 45 Amer. Dec. 310; 12 R. C. L., pp. 1142 and 1172; Harris v. Hopkins, 166 Ky. 147; 8 Ky. Op. 14; 28 C. J. 1187; Morris v. Garrott, &c., 15 Ky. L. R. 305; Faucett v. Faucett, &c., 1 Bush 511.

After a careful review of the record we are of the opinion that the title tendered appellant by appellees was good and sufficient, and that he should have accepted the deed in compliance with the terms of the contract. For these reasons the judgment is affirmed.

Judgment affirmed.