## Treas et al. v. Stilley.

December 17, 1948.

Lovett & Lovett for appellants.

H. B. Holland for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Dr. V. A. Stilley by a will written in his own hand, provided for payment of debts and bequeathed to his wife $1,000. As to other property, which included a house and lot in the City of Benton, he provided:

"The remainder of my estate, real, cash or other personal property, bank stock notes, certificates of deposit, be divided equally between my daughter Mary Carter Treas and my grandson Van Albert Stilley III. But it is my will and desire that the said Mary Carter Treas and my grandson * * * do not sell any of my real estate or bonds until after the death of my beloved wife, and it is further my wish, will and desire that the said Mary Carter Treas and Van Albert Stilley III, or his guardian, pay to my beloved wife the sum of $75 each and every month so long as she lives, then after her death my daughter and grandson, or his guardian, may sell or do with the entire estate as they deem best. It is my further will and desire that my son-in-law Cliff Treas, in whom I have the utmost confidence, assist Mary C. Treas and my grandson or his guardian in carrying out this my last will and testament."

The petition alleges that Nulena Stilley Vicks was the duly appointed guardian of Van Albert Stilley. She joined as plaintiff with the daughter and executor. The wife of testator died in February 1948. The grandson

is over 17 years of age; he was a son of Dr. V. A. Stilley, Jr., who had predeceased his father.

It is alleged that the daughter, the guardian and executor and advisor deemed it to the best interest of the owners to sell, and had mutually agreed to convey a portion of the lot to J. P. Stilley (defendant and appellee) at a price, the sale and consideration having been approved by Cliff Treas, executor of the will. It is alleged that defendant refused to accept a deed executed by the daughter and guardian, "because the will of testator does not give to the daughter and guardian the right to sell the interest of the grandson without a judicial determination of their rights under the will." Contending that the will does grant such power, upon approval by the advisor, appellants ask the court to hold that the guardian had the right to dispose of the interest of the infant, and to pass a good title. The answer admitted all facts alleged in the petition but controverted the conclusion that testator's will gave the powers to sell or to pass a good title without judicial sanction.

Upon submission the Chancellor adjudged that the will in question gave to the guardian of the grandson power to sell and convey any of the real estate devised by the will, "but no power to convey until the price therefor is submitted to the court and approved, but when the price is submitted and approved by the court, then and in that event the will is so construed as to give to the guardian power to sell and convey the real estate owned by testator at his death, and when such price is approved to pass good title to said property free from any defects."

Since no question has been made concerning the Chancellor's holding that full power was given a guardian to sell with the approval of the person in whom testator had great confidence, the only question for our determination is: Must the consideration for the sale of this portion of real estate be approved by the court in order to pass good title?

We assume that the Chancellor in requiring the price to be submitted to and approved by him was impressed by the provisions of subsection 8 of Sec. 489 of the Civil Code of Practice. But we are of the opinion that this section does not apply in cases where the un-

limited power of disposition is granted by the terms of the will, as it is in this case. Johnson v. Harris, 202 Ky. 193, 259 S. W. 35.

We are of the opinion that here, where the right to sell was without condition or restriction except the approval of the son-in-law, the sale so approved could be made and good title passed without the court's approval, of the consideration; hence so much of the judgment as holds to the contrary is erroneous.

The judgment is reversed.