JANE E. PRIEST et al., Appellants, v. ABRAHAM McFARLAND et al.

**In Banc, December 1, 1914.**

1. **WILL: Power of Disposition: Limitation Over.** Where a life estate is expressly or impliedly created by will or deed, with which is coupled a power of disposition by the life tenant and a remainder in fee to others, the limitation over will take full effect upon the death of the life tenant, unless the power of disposition has been exercised by her in strict accordance with the terms in which it was bestowed. So much of the property as the life tenant has not attempted to dispose of, upon her death vests in fee in the remaindermen named.

2. ————: ————: **Reservation of Life Estate.** The testator devised all his property to his wife, "to be held, owned and enjoyed by her during her natural life with full power to sell and dispose of the same or any part thereof absolutely and at her own discretion and with full power to give a good and perfect title upon sale or other disposition of any or all of my said property" and further provided that "at the death of my said wife whatever of my property or its proceeds may

remain undisposed of by my said wife, shall descend to and be divided between my said children." The wife conveyed the land in suit to two of said children for an expressed consideration of $6000, reserving to herself a life estate, and providing that the fee should vest in them at her death. They went into possession and accounted to her for rent until her death. *Held*, by a majority of the judges, that the deed should be upheld; that the life tenant could dispose of the fee, and reserve to herself a life estate in the property; though a majority do not agree that she had power to give away the property, but there being evidence that the consideration named was actually paid a majority hold that the judgment of the trial chancellor should be affirmed.

3. ————: ————: **Testamentary Deed.** A deed which expressly reserves a life estate in the grantor, and conveys at the same time, by words of present import, a vested remainder in the property to the grantees, is not a mere attempt to convey the title by an instrument in the nature of a last will and testament, but is in legal effect a present conveyance of a fixed right, namely, a vested title in fee.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett*, Judge.

AFFIRMED.

*Ben E. Hulse* for appellants.

(1) The evidence as to declarations by Harriet McFarland concerning the consideration for the deed in controversy is *res inter alios acta* as to these plaintiffs, and is not competent as against them. They do not claim in privity with the declarant. Its admission was error. Brown v. Patterson, 224 Mo. 639; Howell v. Sherwood, 242 Mo. 540; Davis v. Green, 102 Mo. 183; Spradling v. Conway, 51 Mo. 54. (2) A power to convey the fee given to a tenant for life is a power appendant, and the estate conveyed by the execution of the power must arise partly at least out of the estate for life. A conveyance of the remainder to take effect on the expiration of the life estate is not a valid execution of the power. Farwell on Powers (2 Ed.),

p. 9; 2 Washburn on Real Prop. (star), p. 304; 1 Sugden on Powers, p. 107; Garland v. Smith, 164 Mo. 1; Taussig v. Reel, 134 Mo. 544; McFall v. Kirkpatrick, 236 Ill. 281.   (3) By the terms of the deed in controversy Mrs. McFarland was to have the land during her life, and it then provided, "and at and after my death then in consideration of the said sum of six thousand dollars, so paid to and received by me as aforesaid, this deed shall become absolute and fully vest the title in fee in said second parties."   Such an instrument is not a conveyance, but a mere attempted testamentary disposition of the property, and void. Murphy v. Gabbert, 166 Mo. 596; Miller v. Holt, 68 Mo. 584; Aldridge v. Aldridge, 202 Mo. 565; Givens v. Ott, 222 Mo. 411; Terry v. Glover, 235 Mo. 544; Pinkham v. Pinkham, 55 Neb. 729; Barnes v. Stephens, 107 Ga. 436; Dye v. Dye, 108 Ga. 741; Wynn v. Wynn, 112 Ga. 214; Massey v. Huntington, 118 Ill. 80; Wilenou v. Handlon, 207 Ill. 104; Castor v. Jones, 86 Ind. 289; Matter v. Longer, 108 Iowa, 34.   (4) There was no valuable consideration for the deed.   It was a mere gift, if anything, and void as an execution of the power. Garland v. Smith, 164 Mo. 1; Scheidt v. Crecelius, 94 Mo. 322.   (5) The defendants were the agents of their mother, and had absolute charge and control of her business and lived in the same house with her as one family, they furnishing her out of her own property such pin money and other things as her limited necessities required.   The law presumes, in the absence of a showing to the contrary that the deed made by her to them was the result of undue influence on their part over her.   Street v. Gass, 62 Mo. 229; Hall v. Knappenberger, 97 Mo. 511; Kincer v. Kincer, 246 Mo. 419; Mowry v. Norman, 223 Mo. 463; Ennis v. Burnham, 159 Mo. 518; Marlin v. Baker, 135 Mo. 504; Kirschner v. Kirschner, 113 Mo. 297; Grundmann v. Wilde, 164 S. W. 200; Wendling v. Bowden, 252 Mo. 647; Gibson v. Shull, 251 Mo. 480.

*E. W. Nelson, George A. Mahan, Albert R. Smith, Dulany Mahan* and *O. H. Avery* for respondents.

(1) There was no error in the admission of testimony as to the declarations of Harriet McFarland. The testimony was admissible on various grounds. (a) Mrs. McFarland was executrix of the Walter McFarland estate. Plaintiffs' attack upon her deed involves more than its mere execution. All her acts relative to and culminating in the execution of the deed are *res gestae.* (b) Plaintiffs at the trial, attempted to show confidential relations between her and the defendants and they still charge undue influence. This charge calls for an investigation of the dealings between Mrs. McFarland and the defendants. (c) The whole series of facts out of which this controversy arose is *res inter alios acta.* All dealings of Mrs. McFarland and the defendants relative thereto are therefore logically and necessarily relevant. (d) Again, the consideration of her deed was called in question and her declarations tending to show a consideration are competent as admissions in favor of these defendants whose position in the transaction was antagonistic to that of Mrs. McFarland. Eckert v. Triplett, 17 Am. Rep. 735; State to use v. Mason, 112 Mo. 374; Johnson v. Ice Co., 143 Mo. App. 453; Kingsbury v. Joseph, 94 Mo. App. 298; Davis v. Calvert, 25 Am. Dec. 296; 16 Cyc. 1037; 1 Ency. Evid., p. 569, note 26; Jones on Evidence (2 Ed.), sec. 253, note 11; 1 Greenleaf on Evidence, sec. 113; Mechem, Law of Agency, secs. 714-15. (2) By the terms of her husband's will Harriet McFarland had full power to sell and dispose of the real estate or any part thereof absolutely and at her own discretion and full power to give a good and perfect title upon such sale or other disposition of any or all of the property. Grace v. Perry, 197 Mo. 550; Worden v. Perry, 197 Mo. 569; Boyer v. Allen, 76 Mo. 498; Underwood v. Cave, 176 Mo. 18; Griffin v. Nicko-

las, 224 Mo. 291; Devein v. Hooss, 237 Mo. 35; Tisdale v. Prather, 210 Mo. 409.   (3) This conveyance is not a testamentary disposition of the property but is a good and valid deed.  O'Day v. Meadows, 194 Mo. 616; Christ v. Kuehne, 172 Mo. 118; Sneathen v. Sneathen, 104 Mo. 209; Terry v. Glover, 235 Mo. 551; Johnson, Admr., v. Johnson, 32 Ala. 640; Ferris v. Neville, 89 Am. St. 495, note; Wilson v. Carrico, 49 Am. St. 213; Sharp v. Hall, 86 Ala. 110; McDaniels v. Johns, 45 Miss. 641; Dozier v. Tolson, 180 Mo. 546.   The deed conveys a present vested interest and is not testamentary simply because the absolute enjoyment of the estate passed is postponed until the death of the grantor.   Adams v. Broughton, 13 Ala. 731; Thompson v. Johnson, 19 Ala. 59; Stewart v. Sherman, 5 Conn. 317; Cummings v. Cummings, 3 Ga. 460; Spencer v. Robbins, 106 Ind. 480; Bowler v. Bowler, 176 Ill. 571; Hinson v. Baily, 73 Iowa, 544; Ward v. Ward, 104 Ky. 857; Exum v. Canty, 34 Miss. 569; Hileman v. Bonslaugh, 53 Am. Dec. 474.   The mere fact that the grantor reserves in the deed the possession, use, enjoyment, or profits during life does not make the the instrument a will.   It is, notwithstanding this reservation, a good and a valid deed.  Hally v. Burkam, 59 Ala. 349; Abney v. Moore, 106 La. 131; Bunch v. Nicks, 50 Ark. 367; Moye v. Kittrell, 29 Ga. 677; Youngblood v. Youngblood, 74 Ga. 614; Goff v. Davenport, 96 Ga. 423; Cates v. Cates, 135 Ind. 272; Saunders v. Saunders, 88 N. W. 329; Love v. Blauw, 61 Kan. 496; Hart v. Rust, 46 Tex. 556; Beebe v. McKenzie, 19 Ore. 296; Wynn v. Wynn, 112 Ga. 214.   (4) There is abundant evidence showing a valuable and sufficient consideration for the deed, besides the consideration $6000 recited in the deed is prima-facie evidence that the amount was paid in some way by the defendants. McCartney v. Finnell, 106 Mo. 445; Burkholder v. Henderson, 78 Mo. App. 287; Cooper v. Deal, 114 Mo. 527:

Taylor v. Crockett, 123 Mo. 300; Eystra v. Capelle, 61 Mo. 578; Rinkel v. Lubke, 246 Mo. 377.

## STATEMENT.

This action to quiet title to two hundred and twenty acres of land was begun in 1907. The plaintiffs are some of the children and grandchildren of Walter McFarland who died in 1871, the owner of the land sued for and considerable other lands, after making a will whereby his wife was made sole executrix. After giving one dollar each to seven of his children, and directing a payment of five hundred dollars each to his two remaining children, the will contains the following clauses.

"4th. I give, devise and bequeath all the rest and remainder of my property, real, personal, mixed and of whatever kind to my beloved wife, Harriet McFarland, to be held, owned and enjoyed by her during her natural life with full power to sell and dispose of the same or any part thereof absolutely and at her own discretion and with full power to give a good and perfect title upon sale or other disposition of any or all of my said property, hereby expressing the fullest confidence in my said wife in the management and control of my estate and of her carrying into execution fully all my desires in regard to it.

"5th. It is my will and desire that in the final distribution of my estate all my said children shall be made equal in the amounts which they shall receive therefrom, and that at the death of my said wife whatever of my property or its proceeds may remain undisposed of by my said wife, shall descend to and be divided between my said children in such proportions as will make the amounts which each of my said children shall receive from my estate to be equal in all respects excepting the sum of five hundred dollars to be paid as aforesaid to each of my said children, Mercy

C. Glasscock and William H. McFarland, making the whole amounts to be received by them respectively from my estate to be five hundred dollars in excess of the shares of the others of my said children.''

The wife qualified as executrix and took charge of the personal estate amounting to $3931, and administered it. She also managed the real estate of about 720 acres of land.

In 1883, she executed a warranty deed to defendants (two of her children) purporting to convey to them 220 acres whereon the family residence stood, for $6000 cash, but reserving to herself a life estate and providing that the fee should vest in said grantees at and after her death.

The evidence tends to show that the grantees (defendants) paid off a deed of trust on the land in the sum of $2100 and certain indebtedness against their father's estate of about $3800; that they took possession of the property and accounted to their mother for its rents and provided her with support and maintenance until her death in 1906. After her death the real estate, except that mentioned in the deed to defendants, was vested in fee in the heirs of her husband. Some of these, the present plaintiffs, brought this action to set aside the deed made by the life tenant to the defendants.

After a hearing before the circuit court sitting as a chancellor, the petition was dismissed and plaintiffs duly perfected their appeal to this court.

## OPINION.

### I.

BOND, J. (After stating the facts as above).— There is no proposition better settled than that where a life estate is expressly or impliedly created by will or deed, coupled with a superadded power of disposi-

tion in the life tenant and a remainder in fee, if that power is not exercised, the limitation over will take full effect unless the power to dispose given to the life tenant has been exercised according to the strict terms in which it was bestowed. [Grace v. Perry, 197 Mo. 1. c. 562, and cases cited; Armour v. Frey, 226 Mo. 1. c. 669; Burnet v. Burnet, 244 Mo. 1. c. 505; Tallent v. Fitzpatrick, 253 Mo. 1. c. 15.]

**Will: Life Estate: Power of Disposition.**

In the case in hand there was no attempt on the part of the tenant of the life estate to dispose of the 720 acres devised in the will of her husband except as to the portion thereof consisting of 220 acres constituting the home place. The residue, consisting of 500 acres, upon the death of the life tenant vested in fee in the nine children of the testator or their descendants as remaindermen under the will. Hence, the solitary question on this appeal is whether the deed of the life tenant to defendants cut off the rights of these remaindermen to the property described?

The clause of the will under which the deed made to defendants recites it was made, contains apt terms investing Harriet McFarland, the wife of the testator, with an estate for life in all of his land. The power given to her to alienate is couched in the following language: "With *full* power to sell and dispose of the same or any part thereof absolutely and at her own discretion and with *full* power to give a good and perfect title upon the sale *or other disposition* of any or all of my said property." The will then recites the full confidence of the husband in the wife and in the next paragraph expresses his desire in the final disposition of his estate that the children shall share alike except that two of them shall receive a bonus of $500, not to be accounted for. But his wishes in this or any other respect, were necessarily subject to the action of his wife under the terms of the will investing her with power to dispose of the property in which she was

given a life estate.  Those terms clearly and unmistakably show that she had "full power" of disposition and that she was also given "full power to give a good and perfect title upon sale *or other disposition* of any or all of my said property," and that these powers were exerciseable "absolutely and at *her own discretion.*"  It is perfectly evident in considering these terms that during her lifetime there was no restriction placed upon the manner, mode or object for which the wife might dispose of the property.  She was not restricted to a sale for a moneyed price, for the deed gave her "full power" to make a "perfect title by any *other* disposition," at her discretion, of the property devised.  Neither was she restricted to a sale of the *entire* estate including the remainder given her.  There is nothing in the language of the will which permits such a view, nor would it be logical to say that she might dispose of the entire estate, but in so doing could not reserve to herself a life estate.  For the power to convey the whole title necessarily carries the power to dispose of any part or parcel of such title, upon the axiom that the whole is the sum of all its parts, and hence, the power to transfer the whole necessarily includes the power to transfer any and all of its component parts.  Undoubtedly the established law in this State is that the donee of a power, such as the one in review, can only exercise it in strict and exact compliance with the terms in which it is given.  But the language of the will in this case expressly gave the life tenant the power to make a sale or "*other disposition*" of the property during her life.  And while it may be conceded that these terms would not invest her with a power to have disposed of the property by will, yet their necessary significance did give her power to sell or otherwise dispose of the lands by a deed *in praesenti.*  Now this is what she did under the testimony in this case and in strict execution of the power given to her by the testator.  Whether she got the full

price of the land, as to which there was conflicting evidence, is immaterial to the efficacy of the conveyance by her within the scope of the power granted by the will. For as is shown she was authorized in selling or disposing to act *"absolutely and at her own discretion,"* which implies *ex vi termini* that the power to dispose was not dependent on the amount of the consideration. In other words, the testator made her his *alter ego* as to the method or mode of disposition of the property devised by any form of alienation other than a will.

Our conclusion is that the deed to the defendants was a valid execution of the superadded power of disposal given to the life tenant by the terms of the will.

II. We are wholly unable to concur with the learned counsel for appellant that the deed to the defendants was not a present conveyance, but was a mere attempt to convey the title by an instrument in the nature of the last will and testament. In Terry v. Glover, 235 Mo. 1. c. 552, the rule is correctly stated that an instrument to be valid as a deed must be one of present conveyance. In that case the deed contained no words of present conveyance. Neither was it ever delivered, but it did contain this express recital, "This deed not to go into effect until after the death of the said George Glover." Beyond doubt such an instrument shows on its face that it was a mere attempt to make the will without the statutory requirements and therefore void. Exactly the same recital was contained in the deed under review in Givens v. Ott, 222 Mo. 1. c. 411, and also in the case of Murphy v. Gabbert, 166 Mo. 1. c. 601.

In the case of Miller v. Holt, 68 Mo. 584, the instrument was in *form* a will, it was never delivered and the contention of the grantees that it was in legal effect a deed *in praesenti,* was necessarily overruled. None of these cases (cited by appellant) sustain the

claim that the deed now under review was void as a testamentary disposition of the property and therefore not within the limits of the power delegated under the will, nor in compliance with the statutory power to make wills. This instrument *expressly* reserves a life estate in the grantor and conveys at the same time, by words of present import, a vested remainder in the property to the grantees. It does not provide, as in the cases cited, that the conveyance made shall not be operative as its terms express. It merely recites that "at and after my death then, etc., this deed shall become absolute and fully *vest the title in fee* in said second parties" (italics ours), which is what would necessarily follow as a matter of law from the fact that the deed reserved a present life estate in the grantor. With a life estate expressly retained the "title in fee" could not fully vest in the grantees until the expiration of the precedent estate. Being vested remaindermen, the grantees had a "present fixed right of future enjoyment" (4 Kent's Comm. [14 Ed.], 203), and when the life estate lapsed became the owners *in fee*. It is evident that the effect of this language in the deed was simply to recite a legal consequence of the status of vested remaindermen. The delivery of this deed and its record when made and the provision therein for a life estate in the grantor also tends to show her intent that the conveyance should be, as it purported to be, a present one. [Sneathen v. Sneathen, 104 Mo. l. c. 209; O'Day v. Meadows, 194 Mo. l. c. 617-8-9.] A will is ambulatory and revocable by the maker; a deed, although the enjoyment of the estate may be postponed, when once fully executed, can only be revoked by a stipulation reserved therein.

The deed in this case contained terms of present conveyance of the remainder. It was duly signed, acknowledged, delivered and recorded, and contained no other recital as to the vesting of the fee than one in

accordance with the principles of law applicable to the nature of the instrument. It was therefore an irrevocable contract of present conveyance, binding on the parties according to its terms, and it was neither in form nor essence a testamentary disposition, as defined by the law of the State.

It follows that the judgment herein is affirmed.

PER CURIAM.—The foregoing opinion of BOND, J., in Division No. One, is adopted as the opinion of the Court in Banc. *Woodson, Walker* and *Bond, JJ.,* concur; *Brown, J.,* concurs in the result in a separate opinion. *Lamm, C. J., Graves* and *Faris, JJ.,* dissent.

## CONCURRING OPINION.

BROWN, J.—I concur in the opinion of my brother BOND in so far as it holds that, under the power conferred by the will of Walter McFarland, Sr., the widow was fully authorized to sell less than a fee simple title in said testator's lands, and that her deed to Abraham McFarland and Walter McFarland, Jr., passed a vested remainder to those parties and was in form legal and valid. [Dewein v. Hooss, 237 Mo. 23.]

I am, however, convinced that the widow was not authorized by the will to give away the land of the testator. The evidence is conflicting as to whether there was a consideration paid by Abraham and Walter McFarland, Jr., for the deed which they received from the widow, and not finding said evidence sufficient to warrant us in overturning the judgment of the circuit court, I concur in the result of the majority opinion affirming said judgment.