ANNIE MAUTHE, WILLIAM MAUTHE, JOHN MAUTHE, G. C. RAU, CARL HUFSCHMIDT, LOUISE HUFSCHMIDT, by CATHERINE WOOD and GEORGE A. BROWN, guardians and curators of the estate of said LOUISE HUFSCHMIDT, a minor, LENA MAUTHE, RAYMOND MAUTHE, LORINE ESSMAN, DEWEY MAUTHE, HAROLD MAUTHE, GERTRUDE MAUTHE, and LOUISE MAUTHE, by LENA HAUTHE, her guardian, Respondents, v. MINNIE BRECKENRIDGE, CONGREGATION OF THE CUMBERLAND PRESBYTERIAN CHURCH OF UNION, MISSOURI, J. WILLIAM KELLER, J. L. WALKER, FRED CRIDER, FRANK COOPER, and RUDOLPH SCHULTZE, Trustees of said Congregation, Defendants, MINNIE BRECKENRIDGE, Appellant.*

St. Louis Court of Appeals. Opinion filed June 1, 1926.

1. **WILLS:** Construction: Life Estates: Power of Disposal by Life Tenant for Support, Comfort or Enjoyment: Not Power to Give Estate Away by Deed, Will or Otherwise. Under a husband's will devising the residue of his property to his wife, she to have full power to dispose of same during her lifetime, and in the event she should die without disposing of same, then said residue or so much thereof as might remain undisposed of, should pass to and vest in certain others, *held* that his widow, by such residuary clause of his will, acquired a life estate in the property therein bequeathed and devised with full power on her part to dispose of and consume the property for her own support, comfort, or enjoyment, but with no power to give it away by deed, will or otherwise.

Mauthe et al. v. Breckenridge et al.

2. **EXECUTORS AND ADMINISTRATORS: Partition: Life Estate of Testatrix: Power of Disposal for Use and Comfort: Accounting: Burden of Proof.** Where the testatrix had a life estate in property devised to her by her husband with power to dispose of and consume the property for her own support, comfort or enjoyment, held that the burden was not on her executor to account for all the property shown to have come to the testatrix under her husband's will, and to show that she disposed of and consumed the same for her own support, comfort or enjoyment.

3. **APPELLATE PRACTICE: Failure to Make Allowance Out of Trust Funds for Services: Not Asked for in Court Below: Cannot Complain on Appeal.** Where defendant did not ask for an allowance in the court below to her out of a trust fund, held by plaintiff as executor, for services rendered and expenses necessary for taking the account in question, she cannot, on appeal, complain of failure of the trial court to make such allowance.

4. **COSTS: Partition: Dividing Costs Between Parties: Discretion of Trial Court.** Dividing between the parties the negligible costs of the trial of the accounting phase of a partition suit was within the discretion of the trial court.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3 C. J., p. 696, n. 61. Costs, 15 C. J., p. 28, n. 88. Executors and Administrators, 24 C. J., p. 936, n. 96 New. Partition, 30 Cyc., p. 296, n. 74. Wills, 40 Cyc., p. 1833, n. 24.

Appeal from the Circuit Court of Franklin County.—
*Hon. R. A. Breuer,* Judge.

AFFIRMED.

*John W. Booth* for appellant.

(1)   The intention of a testator must be gathered from the four corners of his will, and it, if not violative of some established rule of law, must be fully effectuated. Cook v. Higgins, 290 Mo. 402; Grace v. Perry, 197 Mo. 559; Brooks v. Brooks, 187 Mo. 476; Cross v. Hoch, 149 Mo. 325.   (2)   In the case at bar—while the estate given Mrs. Minnie Mauthe in the assets and property of August Mauthe is not expressly declared a life interest, yet

by implication from the devises and bequests over and the objects of the will of August Mauthe, equity will imply and determine that it was the intent of August Mauthe that his wife, Minnie Mauthe "should have an estate for her life in both his real and personal property, with power to sell or any part thereof, and with a remainder over at her death"—to appellant (Minnie Breckenridge and the children of Louis Mauthe.) Guthrie v. Crews, 286 Mo. 438 and authorities there cited; Tallent v. Fitzpatrick, 253 Mo. 10; Burnet v. Burnet, 244 Mo. 491, and authorities under Point 1. (3) In equity the appellate court, after giving due consideration to the conclusion reached by the trial chancellor is to weigh the evidence and reach its own conclusion. Cook v. Higgins, 290 Mo. 402. (4) Appellant's claims in this action involve the construction of the will of John Mauthe; the establishment of a trust and an accounting —matters of an equitable nature and therefore not cognizable in a court of probate. Orr v. St. Louis Union Trust Co., 291 Mo. 383. (5) In equity a trustee is not to be allowed after accepting trust property to defeat the objects and purposes of the trust by commingling such property with his own in hopeless confusion. And this applies to the executor of a trustee who has so intermingled trust property with his own property. Orr v. St. Louis Union Trust Co., 291 Mo. 404. (6) Costs and expenses of litigation, outside of taxable costs, may in equity be allowed to one or more beneficiaries who successfully maintain an action to recover or preserve the trust property for the benefit of all the beneficiaries under circumstances which would have entitled the trustee to reimbursement had he brought the action. 39 Cyc. (Title-Trusts), p. 341-2, note 65. (7) Where litigation and expenses incident thereto are due to wilful misconduct or mismanagement he is personally chargeable with the costs and expenses. 39 Cyc., 342; and authorities there cited in note 70.

*James Booth, Virginia Booth* and *Hensley, Allen, Moore & Fitch* for respondents.

(1)   Under the will of August F. Mauthe whereby, after making certain specific bequests, he devised and bequeathed all the rest and residue of his property to his wife, Minnie Mauthe, "she to have full power to dispose of it during her lifetime," and in the event that she should die without disposing of the same then that "said residue or so much thereof as may remain undisposed of" should "pass to and rest in Minnie Mauthe one-half thereof and the remaining one-half to John Mauthe, in trust," etc., the widow, Minnie Mauthe, took a life estate in the property devised and bequeathed to her, with full power to dispose of any or all thereof during her lifetime, and with the right to use, consume and enjoy the same, or the proceeds thereof, as she might see fit, whether for her support and maintenance or her comfort, enjoyment or pleasure; the remaindermen taking only "so much of the property as may remain undisposed of" by her.   Munroe v. Collins, 95 Mo. 33; Mc-Milland v. Farrow, 141 Mo. 55; Gibson v. Gibson, 239 Mo. 490; Burnet v. Burnet, 244 Mo. 491; Priest v. Mc-Farland, 262 Mo. 229; Dunbar v. Sims, 283 Mo. 356; Payne v. Reece, 297 Mo. 54; Mitchell v. Morrisville College, 305 Mo. 466; Board of Trustees etc. v. Dimmitt, 113 Mo. App. 41; Colburn v. Burlingame, 214 Pac. 226 (Cal.), 27 A. L. R. 1374, and annotations; See also annotations, 2 A. L. R. 1243 et seq., 36 A. L. R. 1177, et seq.
(2)   The trial court, under the evidence adduced, correctly found that Minnie Mauthe had the right during her lifetime to dispose of and did dispose of all the property, real and personal, received by her under the will of August F. Mauthe, deceased (other than an undivided one-seventh of the realty described in the petition), except the twenty shares of stock of the Citizens' Bank of Union, the thirty shares of stock of the Pacific Home Telegraph Company, and lots 7 and 8 in block 3 of

Robertson's Addition to the city of Union; and that said shares of stock and the dividends collected thereon constituted the only personalty that passed to the remainder under said will. (See authorities, supra.)   (3) The burden was upon the appellant to show that there was a residue of the property in question undisposed of by Minnie Mauthe, and to identify the same.   Board of Trustees v. Dimmitt, 113 Mo. App. 41; Cummings et al. v. Dent, 189 S. W. 1161.   (4) There is absolutely no evidence in this case that John Mauthe, as trustee for the children of Louis Mauthe, commingled the trust property with his own.   (5)   It was fully within the discretion of the court, under the circumstances, to apportion the costs.   Bender v. Zimmerman, 135 Mo. 53; Kittredge v. Chillicothe L. & B. Assn., 103 Mo. App. 361; Schawacker v. McLaughlin, 139 Mo. 333; Schumacher v. Mehlberg, 96 Mo. App. 598.

SUTTON, C.—This suit as originally brought was a suit for the partition of the following described real estate situate in Franklin County, Missouri, to-wit: The east half of lot 34 of the original town of Franklin, now city of Pacific, lots 1 and 2 in block 3 of Mauthe's Subdivision to the city of Pacific, and lots 1, 2, 3, 4, 5, and 6 in block 17 of Mauthe's Subdivision to the city of Pacific. It so happens that the plaintiff John Mauthe is executor of the last will of Minnie Mauthe, deceased, though he did not sue in that capacity, and the case in its progress took such shape that the only controversy involved relates to personalty in charge of John Mauthe as such executor.   There was, however, no objection in the court below to the ingraftment of this controversy upon the partition suit.

The petition alleges that, in 1902, William Mauthe died intestate, seized in fee simple of the real estate above described, and left surviving him as his only heirs at law, his widow, Susanna Mauthe, who departed this life on February 3, 1923, and his children, August F.

Mauthe, Annie Mauthe, William Mauthe, Clara Rau, John Mauthe, Louis F. Mauthe, and Louise Hufschmidt; that Clara Rau died in 1915, leaving her last will by which she devised her interest in said real estate to her husband, G. C. Rau; that Louise Hufschmidt, after the death of her ancestor, William Mauthe, died intestate, leaving surviving her as her only heirs at law, her children, William Hufschmidt, and Carl Hufschmidt; that afterwards said William Hufschmidt died intestate, leaving as his only heirs at law, his daughter, Louise Hufschmidt; that in 1905, Louis F. Mauthe died intestate, leaving surviving him as his only heirs at law, his widow, Lena Mauthe, and his children, Lorine Essman, Raymond Mauthe, Dewey Mauthe, Harold Mauthe, Gertrude Mauthe, and Louise Mauthe; that in 1910 August F. Mauthe died, leaving his last will by which he bequeathed to his mother, brothers, and sisters each the sum of $5, and to Minnie Breckenridge the sum of $1,000, and devised and bequeathed all the rest and residue of his property, real, personal, and mixed, to his wife, Minnie Mauthe, she to have full power to dispose of same during her lifetime, and in the event that she should die without so disposing of same, then that said residue, or so much thereof as might remain undisposed of, should pass to and vest in Minnie Breckenridge one-half thereof, and the remaining one-half thereof in John Mauthe in trust for the use and benefit of the children of said Louis F. Mauthe; that in 1922 Minnie Mauthe died, leaving her last will by which, after making certain specific bequests, she devised and bequeathed to the congregation of the Cumberland Presbyterian Church at Union, Missouri, all the rest, residue, and remainder of the property of which she died seized; that the plaintiffs Annie Mauthe, William Mauthe, John Mauthe, and G. C. Rau are each seized in fee of an undivided one-seventh interest in, of, and to said real estate; that the plaintiffs Carl Hufschmidt and Louise J. Hufschmidt are each seized in fee of an undivided one-fourteenth interest in said real estate; that, subject to the dower of

said Lena Mauthe, plaintiffs Lorine Essman, Raymond Mauthe, Dewey Mauthe, Harold Mauthe, Gertrude Mauthe, and Louise Mauthe are jointly seized in fee of an undivided three-fourteenths interest in said real estate; that plaintiff Lena Mauthe is the owner of a dower interest in said real estate, that is to say, a one-twenty-first interest in said real estate for and during her natural life; that defendant Minnie Breckenridge is seized in fee of an undivided one-fourteenth interest in said real estate; that the Congregation of the Cumberland Presbyterian Church of Union, and the trustees thereof, claim some interest in said real estate under the will of Minnie Mauthe, unknown to plaintiffs; that from the nature and amount of said real estate, and the number of its owners, the same cannot be partitioned in kind amongst the owners thereof without great prejudice to said owners; and prays that said real estate be sold in partition and that the proceeds thereof be divided between the plaintiffs and the defendant Minnie Breckenridge according to their respective rights and interests.

The answer of the defendants Congregation of the Cumberland Presbyterian Church of Union, Missouri, and its trustees, claims title to the undivided one-seventh part of the real estate described in the petition, under the will of Minnie Mauthe deceased.

The answer of the defendant Minnie Breckenridge alleges that, under and pursuant to the provisions of the last will of August F. Mauthe, his entire real and personal estate, except $5 bequeathed to his mother, $5 bequeathed to each of his brothers and sisters, and $1,000 bequeathed to Minnie Breckenridge, passed to and vested in Minnie Mauthe for her life as a trust fund, with power in said Minnie Mauthe to dispose of the same during her life, with remainder in fee as to so much thereof as remained undisposed of by her at her death to Minnie Breckenridge one-half thereof, and to John Mauthe one-half thereof in trust for the use and benefit of the children of Louis F. Mauthe; that August F. Mauthe at the

time of his death was owner in fee, subject to the dower rights of his mother, of an undivided one-seventh of the real estate described in the petition, and was owner in fee of lots 7 and 8 of Robertson's Addition to the city of Union, in Franklin County; that John Mauthe duly qualified as executor of the last will of Minnie Mauthe, deceased, and as such executor, took charge of all the personal assets of the estate of said August F. Mauthe remaining in the custody and control of said Minnie Mauthe at the time of her death, and also as such executor took charge of a considerable amount of personal assets, the absolute property of said Minnie Mauthe; that without the fault of defendant Minnie Breckenridge the personal assets of said trust fund, and other personalty the absolute property of said Minnie Mauthe, all in the custody and control of said John Mauthe as executor of said Minnie Mauthe, have been and are so intermingled that without the aid of the equity powers of the court the items of said trust fund cannot be ascertained, and said trust fund cannot be distributed amongst the beneficiaries thereof according to their interests therein; and that as against said executor the defendant Minnie Breckenridge is entitled to an accounting in respect to the personalty now constituting said trust fund; and prays that the wills of the said August F. Mauthe and Minnie Mauthe be construed so far as relates to said trust fund and to both the real and personal property constituting said fund, and that the said trust fund may be decreed to be surrendered to and distributed amongst the respective parties entitled thereto according to their respective interests therein.

By its interlocutory decree, rendered August 15, 1923, the court finds the respective interests of the plaintiffs and the defendant Minnie Breckenridge in the real estate described in the petition, as set out in the petition, and orders that the real estate be sold, and that the proceeds of the sale, after deducting all proper costs, be divided between the plaintiffs and the defendant Minnie Breckenridge according to their respective rights as

found by the court; and further finds that the said August F. Mauthe by his last will, according to the true and proper construction thereof, bequeathed to his mother, brothers, and sisters each the sum of $5, and to Minnie Breckenridge the sum of $1,000, and devised and bequeathed to his widow, Minnie Mauthe, all the residue of his estate, real and personal, for her life, with power to said Minnie Mauthe to dispose of the same for her own use and benefit during her life, and devised and bequeathed what remained undisposed of by her at her death one-half to Minnie Breckenridge and one-half to John Mauthe in trust for the use and benefit of the children of Louis F. Mauthe, deceased; that said will conferred no power or authority in said Minnie Mauthe to dispose of any part of the estate of said August F. Mauthe by will; that said defendants Congregation of the Cumberland Presbyterian Church of Union, Missouri, and the trustees thereof, have no right, claim, interest, or benefit, whatever in or to the real estate described in the petition; that said Minnie Mauthe under the will of August F. Mauthe received and took into her custody and control the real and personal property and assets of the estate of said August F. Mauthe; that the plaintiffs Lorine Essman, Raymond Mauthe, Dewey Mauthe, Harold Mauthe, Gertrude Mauthe, and Louise Mauthe, and the defendant Minnie Breckenridge are entitled to have an accounting in respect of the real and personal assets of the estate of August F. Mauthe, deceased, which came into the possession of said Minnie Mauthe under said devises and bequests not disposed of and applied to the use of said Minnie Mauthe during her life; and the court orders that an account be taken in this action to ascertain, identify, and establish as against said executor of Minnie Mauthe, deceased, the particulars of the moneys and personalty of the estate of said August F. Mauthe to which the plaintiffs Lorine Essman, Raymond Mauthe, Dewey Mauthe, Harold Mauthe, Gertrude Mauthe, and Louise Mauthe, and defendant Minnie Breckenridge, are entitled under the will of August F. Mauthe, according to

the aforesaid construction of said will, and that for further proceedings under and in accordance with this decree this cause be continued to the next regular term of the court.

On November 27, 1923, the sheriff's report of the sale of real estate, made pursuant to the foregoing order, was filed and approved, and the sheriff's deed conveying said real estate was acknowledged.

On March 21, 1924, a trial was had upon the accounting phase of the suit, and after hearing the evidence and the arguments of counsel, the court took the matter under advisement, and on October 1, 1924, rendered its final judgment thereon substantially as follows:

The court being now fully advised of and concerning all and singular the matters and things herein, doth find that under and by virtue of the will of August F. Mauthe, deceased, Minnie Mauthe received and took in her possession in addition to the undivided one-seventh of the real estate described in the petition, the following described real estate situate at Franklin County, Missouri, to-wit: Lots 196 and 197 of block 184 of Ault's Addition to the city of Pacific, lot 4 of the original town of Pacific, and lots 7 and 8 of Robertson's Addition to the city of Union; that under said will Minnie Mauthe received and took into her possession personal property, assets, and choses in action of said August F. Mauthe, as follows: Twenty-one shares of the capital stock of the Citizens Bank of Union of the par value of $100 per share, thirty shares of the capital stock of Pacific Home Telephone Company of the par value of $10 per share, twenty-two shares of the capital stock of Pacific Electric Light Company of the par value of $10 per share, five shares of the capital stock of the Commercial Telephone Company of the par value of $100 per share, note of E. D. Jahn for $300, note of Jacob Steffens for $250, and note of Mueller and Hecker for $1,000; that on December 18, 1916, the said Minnie Mauthe sold and conveyed said lot 4 of the original town of Pacific for $2,200, and on December 22,

1916, sold said lots 196 and 197 in block 184 of said Ault's Addition for $250; that in June, 1919, the surplus earnings of the capital stock of said Citizens Bank of Union had accumulated to an amount that the real value of each share of said stock amounted to $400, and that thereupon all of the original shares were surrendered by the holders to the bank and there was issued to each of said shareholders for each original share and accumulated earnings thereon four shares of capital stock, whereby the capital stock of said bank was increased from $10,000 to $50,000; that prior to said increase of the capital stock, the said Minnie Mauthe sold sixteen of the twenty-one shares of said stock received by her under the will of August F. Mauthe, and that for the remaining five shares of said twenty-one shares the said Minnie Mauthe received from said bank twenty shares of the capital stock as so increased, each of the par value of $100; that dividends amounting to $360 were paid to said Minnie Mauthe by said bank and a dividend of $200 was paid to the plaintiff John Mauthe as executor of the will of said Minnie Mauthe; that all the real estate and choses in action which came into the possession and under the control of the said Minnie Mauthe and which had not been disposed of and consumed by her in her lifetime for her support and maintenance the same constituted a trust fund for which said Minnie Mauthe was trustee and defendant Minnie Breckenridge and plaintiffs Lorine Essman, Raymond Mauthe, Dewey Mauthe, Harold Mauthe, Gertrude Mauthe, and Louise Mauthe were the beneficiaries; that said twenty shares of the capital stock of the Citizens Bank of Union together with the sum of $200 dividends paid thereon to said John Mauthe as executor and said thirty shares of the capital stock of the Pacific Home Telegraph Company together with a dividend thereon of $30 received by John Mauthe as executor constitute all of the personal property of August F. Mauthe identified in this action as having come into the hands of plaintiff John Mauthe as such executor; that except

said twenty shares of the capital stock of the Citizens Bank of Union, and except said thirty shares of the capital stock of the Pacific Home Telephone Company, together with the said dividends thereon collected by said executor, and except said lots 7 and 8 in block 3 of Robertson's Addition to the city of Union, said Minnie Mauthe, deceased, for her own proper support and maintenance disposed of and consumed during her lifetime all the property, real and personal, derived under the will of said August F. Mauthe, deceased, as she had a right to do under said will. It is thereupon by the court decreed that the fee simple title of, in, and to said lots 7 and 8 in block 3 of Robertson's Addition to the city of Union be and is hereby vested as follows, to-wit: An undivided one-half thereof in defendant Minnie Breckenridge and the remaining undivided one-half thereof in John Mauthe as trustee for Lorine Essman, Raymond Mauthe, Dewey Mauthe, Harold Mauthe, Gertrude Mauthe, and Louise Mauthe, children of Louis F. Mauthe, deceased; that John Mauthe, trustee and executor as aforesaid, transfer and deliver to defendant Minnie Breckenridge ten shares of the capital stock of the said Citizens Bank of Union now in his hands as such executor, and in like manner transfer and deliver the remaining ten shares of said stock to himself as trustee for the said children of Louis F. Mauthe, deceased, and that such transfer of stock include all right to the earnings of same not already paid out as dividends; that in like manner said executor transfer and deliver to Minnie Breckenridge and to himself as trustee for the said children of Louis F. Mauthe, deceased, the aforesaid shares of the capital stock of the Pacific Home Telephone Company, together with the right to receive all the accumulated earnings thereof not already paid out as dividends; and that said executor, out of the assets of the estate of Minnie Mauthe, pay Minnie Breckenridge one-half of said dividends so collected by him and that he pay the remaining one-half thereof to himself as trustee for the

said children of Louis F. Mauthe, deceased; and the court further decrees that except as to said twenty shares of stock in said Citizens Bank of Union and except as to said thirty shares of stock in Pacific Home Telephone Company and except as to said dividends collected by said John Mauthe, said Minnie Breckenridge is not entitled to any accounting against John Mauthe as such executor.

From this judgment the defendant Minnie Breckenridge appeals.

Upon the hearing which resulted in the judgment appealed from, the appellant introduced the testimony of several witnesses, among them the executor, John Mauthe, who appears to have disclosed frankly all he knew about the property belonging to the estates of August F. Mauthe and Minnie Mauthe, and stated that he inventoried as the property of Minnie Mauthe all the property that was in her possession at the time of her death, and appellant also introduced the inventory of the estate of August F. Mauthe, deceased, the inventory and appraisement of the estate of Minnie Mauthe, deceased, and other documentary evidence. Thereupon the plaintiffs introduced the will of August F. Mauthe, deceased, the will of Minnie Mauthe, deceased, and other documentary evidence.

In the inventory of August F. Mauthe the following items appear: Note of E. D. Jahn for $300 dated October 2, 1909, due April 2, 1910, bearing six per cent interest; note of Jacob Steffen for $250, dated September 7, 1909, bearing eight per cent interest, due one year after date; note of Mueller & Hecker for $1,000, dated August 25, 1909, due one year after date, bearing seven per cent interest from date; five shares of Commercial Telephone Company stock, par value $500; thirty shares of Pacific Home Telephone Company stock, par value $300; twenty-two shares of Pacific Electric Light Company stock, par value $220; twenty-one shares of Citizens Bank of Union stock, par value $2,100.

In the inventory and appraisement of Minnie Mauthe the following items, among others, appear: Lots 7 and 8 in block 3 of Robertson's Addition to the city of Union, $3,500; twenty shares of stock in Citizens Bank of Union, $3,000; thirty shares of stock in Pacific Home Telephone Company, $600.

Minnie Breckenridge prior to her marriage was Minnie Mette. She was reared by August F. Mauthe and Minnie Mauthe, and married after the death of August F. Mauthe. She lived, in the Mauthe home up to the time of her marriage.

By his said last will, August F. Mauthe disposed of his property as follows:

"I will and bequeath to my mother, brothers and sisters now living each the sum of five dollars.

"I will and bequeath to Minnie Mette the sum of one thousand dollars.

"All the rest and residue of my property including all real, personal and mixed property, I will devise and bequeath to my beloved wife Minnie Mauthe, she to have full power to dispose of same during her lifetime; and in the event that she shall die without so disposing of same, then it is my will that said residue or so much thereof as may remain undisposed of, shall pass to and vest in Minnie Mette one-half thereof and the remaining one-half to John Mauthe in trust for the use and benefit of the children of my deceased brother, Louis Mauthe."

August F. Mauthe died in 1910. Minnie Mauthe died September 5, 1922. For some years prior to her death, she was in ill health and required much medical attention and nursing. She was possessed of a considerable estate of her own, consisting of both real and personal property, not derived under the will of her deceased husband. By her said last will she undertook to devise to Minnie Breckenridge lots 7 and 8 in block 3 of Robertson's Addition to the city of Union, and after making substantial bequests to her own and her deceased husband's relatives, disposed of the rest of her property as follows:

"All of the rest, residue and remainder of the property of which I may die seized, I will, devise and bequeath to the Congregation of the Cumberland Presbyterian Church of Union, Missouri, for the purpose of repairing, remodeling or rebuilding the Church and decorating the same in a manner becoming and proper with full power and authority on their part to use their own judgment and discretion as to how this bequest and devise shall be used and expended for the purpose herein expressed and I freely absolve them from any error of judgment, knowing and realizing that they are Christians and servants of the Lord, may He bless them forever."

It would serve no useful purpose to set out the evidence in detail. It will suffice to say that the evidence amply supports the finding of facts set forth in the final judgment of the court.

It seems to be conceded, as it should be in view of the authorities, that August F. Mauthe, by the residuary clause of his will, gave to his widow, Minnie Mauthe, a life estate in the property therein bequeathed and devised, with full power on her part to dispose of and consume the property for her own support, comfort, or enjoyment, but with no power to give it away by deed, will, or otherwise, and gave to Minnie Breckenridge and John Mauthe as trustee each one-half of whatever remained of said property at the death of Minnie Mauthe. [Burnet v. Burnet, 244 Mo. 491, l. c. 506, 148 S. W. 872; Gibson v. Gibson, 239 Mo. 490, 144 S. W. 770; Priest v. McFarland, 262 Mo. 229, 171 S. W. 62; McMillan v. Farrow, 141 Mo. 55, 41 S. W. 890; Board of Trustees of Westminster College v. Dimmitt, 113 Mo. App. 41, 87 S. W. 536; Redman v. Barger, 118 Mo. 568, 24 S. W. 177.]

But the appellant complains that the court by its final judgment, as shown upon its face, ignores the equitable doctrine that a trustee may not defeat the trust by commingling the trust property with the trustee's own private funds so that the trust property cannot be distinguished or identified in kind, and proceeds upon the

erroneous theory that equity will follow the trust property no further than it can be and is identified in kind. We do not so interpret the judgment. The court, as shown by the judgment, expressly finds that twenty shares of the capital stock of the Citizens Bank of Union, and thirty shares of the capital stock of the Pacific Home Telephone Company, together with $230 dividends thereon, constitute all the personal property of August F. Mauthe identified as having come into the hands of John Mauthe as executor of Minnie Mauthe, deceased, and further finds that except said shares of stock and dividends and except lots 7 and 8 in block 3 of Robertson's Addition to the city of Union, Minnie Mauthe for her own proper support and maintenance disposed of and consumed during her lifetime all of the property, real and personal, derived under the will of August F. Mauthe, as she had a right to do under said will, and then decrees that the title to said lots be vested in and the said shares of stock and dividends distributed to Minnie Breckenridge and John Mauthe as trustee, in accordance with the provisions of said will, and further decrees that except as to said shares of stock and dividends Minnie Breckenridge is not entitled to an accounting against the executor. It is obvious that the court decrees that Minnie Breckenridge is not entitled to an accounting against the executor as to the other property derived by her under the will, because it finds under the evidence that she disposed of and consumed such other property for her own proper support and maintenance during her lifetime, as she had a right to do under the will, and there is no question that the evidence was amply sufficient to support such finding.

We do not accept the appellant's view that the burden was on the executor to account for all the property shown to have come to Minnie Mauthe under her husband's will. She was not a trustee charged merely with the duty of administering and preserving the trust property and of accounting for it to the beneficiaries. She

had a life estate in the property with the right and power to dispose of it and consume it for her own support, comfort, or enjoyment. The mere showing that she had received property under her husband's will did not cast the burden upon her executor after her death to account for such property and to show that she disposed of and consumed the same for her own support, comfort, or enjoyment, as she had a right to do under the provisions of the will. But, if the burden could be said to be thus cast upon the executor, the evidence was nevertheless sufficient to justify the finding of the court that she disposed of and consumed the property for her own proper support and maintenance, and we defer, as we ought, to this finding.

The appellant assigns error upon the failure of the court to make an allowance to her out of the trust fund for her services rendered and expenses necessary and reasonable in and for the taking of the account herein. The appellant did not ask for such an allowance in the court below, and this assignment must be ruled against her for this reason, if for no other.

There is no merit in the suggestion that the court erred in dividing between the parties the negligible costs of the trial of the accounting phase of the suit. This was clearly within the court's discretion.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.