## BOARD OF TRUSTEES OF WESTMINSTER COLLEGE, Appellant, v. DIMMITT, Respondent.

### St. Louis Court of Appeals, May 16, 1905.

1. **WILLS: Life Estate in Personal Property: "Enjoy."** Where a will bequeathed to the widow of the testator his personal property "to hold, possess and enjoy during her natural life," the property belonged to her for life, with a right to use the same; she could expend it for her personal benefit if she chose to do so.

2. ——: ——: **Remainder.** The legatee to whom the property was bequeathed by another clause of the will, to take after the death of the widow, was a residuary legatee of what remained unexpended and could recover from her executor only the residue which was proved to be unexpended by her.

Appeal from Shelby Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*P. B. Dunn* and *G. W. Humphrey* for appellant.

The terms of the will make it clear that this was a naked life estate. No suggestion is made of her disposing of the property, neither does the will say that what is left at her death shall go to appellant. It clearly says that the wife takes it for life and at her death it shall go to the college. It seems to us that this makes the sum received by her clearly a trust fund and if so it need not be traced, but may be taken out of the general assets of her estate. Harrison v. Smith, 83 Mo. 210; Hockensmith v. Hockensmith, 57 Mo. App. 374; Brick Co. v. Schoeneich, 65 Mo. App. 283. It seems to be well established in this and many other states, that in a naked life estate, the life tenant has the income only and is made trustee for the beneficiaries. This is true with personalty as well as real property. Harbison v. James, 90 Mo. 411, 2 S. W. 292; 3 Perry on Trusts (2 Ed.), secs. 540, 550.

BLAND, P. J.—Omitting caption, the petition is as follows:

"Plaintiff states that it is a body corporate duly incorporated by act of the General Assembly of the State of Missouri.

"Plaintiff further states that on the — day of —— 1894, Joseph I. Bowles died testate at the county of Shelby, in the State of Missouri, that his will was duly admitted to probate in the probate court of said Shelby county, Missouri.

"That by his will so probated as aforesaid, said Joseph I. Bowles bequeathed all his property of every description to his wife, Elvira A. Bowles, for and during her natural life and at her death the whole of his said estate should pass to and vest in this plaintiff.

"Plaintiff further states that on the final settlement of said estate, on the — day of ———, 1898, there was a balance in the hands of the executor of said estate of six hundred and eleven dollars and thirty-nine cents, after the payment of all debts and expenses of administration and that said amount was paid by the executor of said estate to said Elvira A. Bowles, the life tenant under the will aforesaid, and that said sum so paid as aforesaid constituted a trust in the hands of said Elvira A. Bowles for the use and benefit of this plaintiff.

"Plaintiff further states that said Elvira A. Bowles died testate on the — day of November, 1900, at the county of Shelby, Missouri, and that her will was duly admitted to probate in the county of Shelby aforesaid and that the defendant, W. A. Dimmitt, is the legally qualified and acting executor of the will of said Elvira A. Bowles, deceased, that said sum of six hundred and eleven dollars and thirty-nine cents, continued in the possession and custody of said Elvira A. Bowles until her death, and then passed into the possession and custody of the defendant herein, and that the same is now in his possession and custody—that the same constitutes a trust

fund in the hands of the defendant herein in favor of the plaintiff.

"Wherefore plaintiff prays the court for an order directing the defendant herein to pay plaintiff the amount of said trust fund, to-wit, six hundred and eleven dollars and thirty-nine cents and for such other relief as the plaintiff may be entitled to."

The answer is as follows:

"Defendant for answer to the petition of plaintiff filed herein, admits the incorporation of plaintiff as therein pleaded.

"Further answering he admits that Joseph I. Bowles died during the year 1894, testate, and that his will was admitted to probate, and that by its terms the property therein described was bequeathed as stated in said petition. That at the final settlement of his estate there was paid to Elvira A. Bowles, his widow, the sum of six hundred and eleven dollars and thirty-nine cents, as and for the balance of the personal assets in said estate, and that same was paid to her as the life tenant under said will of said deceased.

"He also admits the death of said Elvira A. Bowles and his appointment and qualification as her executor as stated in the petition of plaintiff, and that he received as the assets of her estate in his capacity of executor a sum equal to or greater than the sum of six hundred and eleven dollars and thirty-nine cents as aforesaid.

"Defendant further answering states that he does not know whether the sum aforesaid received by his decedent was used by her or expended in her lifetime, or whether said fund was kept by her as a trust fund, which at her death passed into his hands as executor.

"Wherefore he prays the court to inquire into the facts and to declare the law of the case, and for such judgments and orders in relation thereto as may be proper."

The clauses of the will of Joseph I. Bowles relevant to the controversy are as follows:

"First I bequeath to my beloved and faithful wife, Elvira Ann Bowles, who for so long a time has shared my fate and fortune, all of my estate of whatsoever kind or character, whether personal property or real estate, to hold, possess and enjoy during her natural life.

"Fifth: After the death of my said wife, I desire that all of my estate of whatever kind, whether personal property, real estate or mixed property, . . . shall be converted into money so soon as practicable after my wife's decease, and when the same is converted into money, I will and direct that my executor hereinafter named shall pay the same to the Board of Trustees of Westminster College, at Fulton, in the State of Missouri, in amount and manner following," etc.

The evidence shows that the widow of Joseph I. Bowles took her absolute property and had allowed in the probate court certain claims, amounting all together to over three thousand dollars. It is admitted by the answer that the wife received the sum sued for, six hundred and eleven dollars and thirty-nine cents, from the executor of her husband's will as the life tenant of said sum. This money was paid Mrs. Bowles in 1898, and in about two years thereafter she died. The evidence also shows that Mrs. Bowles had an estate in her own right of the value of about fifteen thousand dollars, of which six or seven thousand dollars was invested in bank stocks, and that her estate had always been kept separate and apart from that of her husband. The $611.39 received from her husband's estate was not kept separate and apart from her individual estate and for this reason plaintiff alleges that it could not trace or identify it among the assets of Mrs. Bowles' estate. There is no evidence to show that she ever invested this money nor any evidence to show in what manner she expended it, if she did expend it. Defendant testified that Mrs. Bowles kept house and may have expended the fund to defray her ordinary family expenses. There is no evidence to

Board of Trustees v. Dimmitt.

show what her income was, if anything, from her individual estate.

The court rendered judgment for defendant, from which plaintiff appealed. The contention of appellant is that Mrs. Bowles, as to the principal sum ($611.39) received from her husband's estate, was the trustee of an express trust, under the terms of the will, with the right to appropriate the interest only which she might receive therefrom to her own use. The clause of the will giving the estate to Mrs. Bowles, gave it to her "to hold, possess and enjoy during her natural life." After the death of Mrs. Bowles, the will provided that all of the estate of the executor, except such as had been disposed of by special devices, should be converted into money and paid to plaintiff. The will gave the property to Mrs. Bowles to enjoy.

In Rountree v. Dixon, 105 N. C. 350, it was held that the term "enjoy," as used in a will providing that the testator's wife "shall hold, use, occupy and enjoy" his entire estate, both real and personal, as he had done before, and to care for his children in the same way during her natural life, means she is to have the benefit of it and use it as her husband had in his lifetime in caring for herself and children.

One of the definitions of the term "enjoy" given by Webster is, "to have, possess and use with satisfaction; to occupy or have the benefit of." It seems to us that Mrs. Bowles, under the first clause of the will, had the right to apply the $611.39 received from her husband's estate in any way that would contribute to her well being, that the fund was hers to expend for her personal benefit, if she chose to do so. Her estate in the fund was a life estate with the power of use (Russell v. Eubanks, 84 Mo. 82) and the plaintiff was a residuary legatee of what remained unexpended. But in view of the fact that Mrs. Bowles had a right to use the fund for her personal enjoyment, we think it devolved upon the plaintiff to show that there was a residue of the fund

after her death to entitle it to recover. It is confessed that no such showing was made or could be made.

The judgment is therefore affirmed. All concur.