## CLARA W. MOULDEN, Respondent, v. DORA E. TRAIN, et al., Appellants.

Kansas City Court of Appeals, June 10, 1918.

1. **TRUST: Express: Limitations: Disavowal.** The Statute of Limitations does not run against an express trust unless the trust be openly disavowed.

2. **PERSONAL PROPERTY: Parol Evidence.** An express trust may be had in personal property without a writing, and may be established by parol; though if the subject of the trust is real estate, to satisfy the Statute of Frauds it must be in writing.

3. **TRUSTS: Particular Words to Establish: Admission.** It is not necessary to use any particular words to establish an express trust, such as "trust" or "trustee." Nor is it necessary that the admission of the trusteeship be addressed to any particular person.

4. **CONSENT:** Fiduciary Relation: Possession: Discharge. When a person assumes, with or without consent, to act as trustee of money, that is, to act in a fiduciary relation with regard to it, and has in consequence been in possession of it, he is trustee of an express trust and cannot discharge himself except by accounting to the *cestui que trust*, without regard to the lapse of time.

5. **DIVIDENDS:** Trustee: Statute of Limitations. A defendant held in his hands a sum of money arising from dividends on certain stock which came into his possession as money belonging to the plaintiff or another. He acknowledged that he held the money for whoever was entitled to it. It was *held* that he was an express trustee and that the Statute of Limitations did not run against the claim against him.

Appeal from Jackson Circuit Court.—*Hon. Clarence A. Burney*, Judge.

AFFIRMED.

*Ashley & Gilbert* for respondent.

*O. E. Robinson* for appellants.

ELLISON, P. J.—Plaintiff began this action on the 30th of December, 1915, for dividends received to her use by said H. D. Train on 15000 shares of the capital stock of Logan Oil and Gas Company, represented by stock certificate No. 88 issued by the Logan Oil and Gas Company an Arizona corporation to Charles A. Allen and by him transferred, for value received, to plaintiff by his written assignment.

The defense is the five year period of limitation. The evidence to sustain the action consisted largely of a letter from Train dated the 14th of December, 1910. It is claimed that limitation began to run in Train's favor, at least, from the date of the letter, and that being more than five years from the beginning of the action, it is barred.

Among other points made by plaintiff in one that Train held the money as as express trustee. If he did, the Statute of Limitations cannot be invoked for it does not run against an express trust until it is openly dis-

avowed. [Koyl v. Lay, 194 Mo. App. 291, 297; St. Pauls Crurch v. Attorney General, 164 Mass. 188, 200; 2 Perry on Trusts, sec. 863; 2 Wood on Limitations sec. 200.] Ordinarily such trusts concern real estate and must be in writing to satisfy the Statute of Frauds, but an express trust may exist as to personal property, and may be shown by parol, as well as by writing. [1 Perry on Trusts, sec. 86.] It happens to be evidenced by a letter in the present instance. The letter is a direct admission that Train was, and had been, holding for the owner, six hundred dollars arising out of dividends of certain stock and that he was willing to pay it over to the owner and requested that such owner be made known to him. The terms of the letter undoubtedly made Train the trustee of an express trust. "There is no particular formality required or necessary in the creation of a trust." Nor is it necessary to use any specific words such as "trust" or "trustee." Nor that the admission of trusteeship be addressed to the *cestui que trust*. [1 Perry on Trusts, sec. 82.]

In Soar v. Ashwell, 2 Q. B. Div. (1893) 390, 394, it was said that the cases decided "that where a person has assumed, either with or without consent, to act as a trustee of money or other property, i. e., to act in a fiduciary relation with regard to it, and has in consequence been in possession of or has exercised command or control over such money or property, a court of equity will impose upon him all the liabilities of an express trustee, and will class him with and will call him an express trustee of an express trust. The principal liability of such a trustee is that he must discharge himself by accounting to his *cestui que trust* for all such money or property without regard to lapse of time." There were several concurring opinions in that case. BOWEN, L. J. said at page 397 of the report, "that a person occupying a fiduciary relation, who has property deposited with him on the strength of such relation, is to be dealt with as an express, and not merely a construetive, trustee of such property. His possession of such property is never in virtue of any right of his own, but is

Moulden v. Train.

coloured from the first by the trust and confidence in virtue of which he received it. He never can discharge himself except by restoring the property, which he never has held otherwise than upon this confidence: Chalmer v. Bradley (7); Marquis of Cholmondeley v. Lord Clinton (8); and this confidence or trust imposes on him the liability of an express or direct trustee.'' Further along, quoting from another case, is this, ''I do not hesitate to say'' says GIFFARD, L. J., ''that when the duty of persons is to receive property, and to hold it for another, and to keep it until it is called for, they cannot discharge themselves from that trust by appealing to the lapse of time.'' Again, quoting from another case, it is said that, ''Where money has found its way into the hands of a trustee or other person against whom this court gives the same relief as against a trustee, there the trustee, or the *person in a fiduciary position,* cannot set up the Statute of Limitations as an answer to the demand for money which was in his hands.'' (Italics not ours).

In St. Pauls Church v. Attorney General, 164 Mass. l. c. 200, it is said that ''Where the possession of property is held by a trustee not by virtue of any personal right or personally asserted right on his part, but is colored by a trust and confidence in virtue of which he received it, the identity of the *cestui que trust* is of very little importance, but the relationship is all important; and, so long as the relation of trust exists, it is a case of express trust, no matter who the *cestui que trust* may prove to be. . . . In the case at bar, it is true that the only duty of the plaintiff's from the start was to pay over one-half of the trust fund to David Sears; yet by their continued acknowledgment of an existing trust relation, and by making no assertion of any adverse claim, they induced a reliance on the existance of the fiduciary relation by virtue of which they expressly held the property.''

Referring to defendant's point that there was no showing that plaintiff was the owner of the money, we think there was ample evidence to justify the finding that she was.

In consideration of the foregoing it is clear that the statute did not run against the claim and that the trial court took the proper view of the law and the judgment will be affirmed. All concur.