CAMERON TRUST CO., RESPONDENT, v. IDA C. LEIBRANDT ET AL., APPELLANTS.—83 S. W. (2d) 234.

AND

IDA C. LEIBRANDT ET AL., APPELLANTS, v. CAMERON TRUST CO., RESPONDENT.—83 S. W. (2d) 234.

Kansas City Court of Appeals. May 13, 1935.

*Culver & Phillip* for respondent.

*H. G. Leedy* for appellant.

CAMPBELL, C.—The cases above styled were consolidated and tried as one case. The case in which Cameron Trust Company was plaintiff and Ida C. Leibrandt was defendant was based upon a promissory note executed by the latter on which liability is confessed. In the suit in which Ida C. Leibrandt et al., were plaintiffs and Cameron Trust Company was defendant the plaintiffs sought to surcharge, Cameron Trust Company as trustee with a loss alleged to have resulted from the failure of said trustee to perform the trust properly. The cause was submitted upon an agreed statement of facts. The judgment was in favor of the Cameron Trust Company, from which judgment Ida C. Leibrandt and her coplaintiffs have appealed.

Charles A. Leibrandt, Jr., died testate March 20, 1923. The will of decedent, in which the Cameron Trust Company was nominated as executor, was proven and admitted to probate in the Probate Court of Clinton County, Missouri, May 11, 1923. The Cameron Trust Company qualified as executor, administered the estate and made final settlement thereof in May, 1924. The inventory and final settlement show that the testator owned twenty-four shares of the capital stock of the Cameron Trust Company of the value of $300 a share. The pertinent part of the will follows:

"Second: I give, devise and bequeath all of my property of every kind and description and wherever situate to my wife, Ida C. Leibrandt, to have, hold and enjoy for and during her natural life.

"Third: After the death of my wife, I give, devise and bequeath

my said property as follows: (To the Cameron Trust Company in trust certain real estate for the son and daughter of the decedent.)

"Seventh: . . . All the remainder of my property of every kind and description, and wherever situate, I give, devise and bequeath to the Cameron Trust Company, in trust, to be disposed of equally for the benefit of my said son and daughter and their heirs and my heirs, upon the same terms, conditions and limitations, as provided in Paragraphs Four and Five of this will.

"All personal property, money, notes and bonds shall be loaned out by said Trustee, at interest under the rules regulating Trust Companies in the investment of such funds, and the net income therefrom shall be paid to my said son and daughter for and during their natural lives, with the remainders upon the same terms, conditions and limitations as above provided."

(It is not claimed by either party that paragraphs 4 or 5 are material in the determination of the appeal.)

In the final settlement the executor prayed the court for "an order to assign, transfer and set over to the Cameron Trust Company, Trustee under the last will and testament of the deceased, all the items of stocks, bonds, loans and accounts . . . to be handled, collected and reinvested in accordance with the provisions of said will. . . ." The probate court in approving the final settlement found "that, under terms of the will of said deceased, the said Cameron Trust Company is appointed as trustee of said estate to handle, collect and reinvest stocks, bonds and notes, it is ordered by the court that the said balance be paid over to the Cameron Trust Company, Trustee." The Cameron Trust Company, as trustee, executed to itself as executor a receipt covering all of the property in the estate and thereafter "certificates evidencing such stock (the twenty-four shares) were issued by said Cameron Trust Company to itself as trustee under said last will and testament. . . ."

The will gave the twenty-four shares of stock and other property to Ida C. Leibrandt "to have, hold and enjoy" during her life. The estate in remainder was "what remained unexpended" at the time of her death. [Board of Trustees v. Dimmitt, 87 S. W. 536; 113 Mo. App. 41; Russell v. Eubanks, 84 Mo. 82.] It was the duty of the executor *under the terms of the will* upon final settlement to deliver the certificates evidencing the twenty-four shares of stock to the testator's widow. This duty the executor failed to perform. On the contrary, it wrongfully induced the probate court to order that it assign, transfer and set over the certificates of stock to itself as trustee. The trustee accepted the estate and assumed to act as trustee for a period of about seven years and until the stock became worthless. Ida C. Leibrandt and her coplaintiffs say that under such circumstances the Cameron Trust Company became a trustee *de son tort*. We need not determine whether or not the Cameron

Trust Company, strictly speaking, was a trustee *de son tort* for the reason it took possession of the property of the estate and continued as above stated to act as though it were rightfully in possession of the property as trustee under the terms of the will. In these circumstances the Cameron Trust Company cannot say it was not an express trustee nor can it escape the liabilities which it would have incurred had the trust been created by the terms of the will of the decedent. [1 Perry on Trusts and Trustees (7 Ed.), sec. 245; Thornton v. Gilman, 39 Atl. 900; Putnam v. Lincoln Safe Dep. Co., 191 N. Y. 166; Moulden v. Train, 204 S. W. 65.] The question which will determine the case is, when the Cameron Trust Company as trustee received the certificates could it retain them as it did, or was it charged with the duty to sell the stock represented by the certificates within a reasonable time? The precise question, so far as the writer of this opinion is advised, has not been ruled in this jurisdiction. Courts in other jurisdictions hold that absent a provision in the instrument creating the trust a trustee may not lawfully retain investments received from the creator of the trust unless the trustee has the right to use trust funds in his hands in purchasing like investments. [65 C. J., p. 812; Ashhurst v. Potter, 29 N. J. Eq. 625; Ward v. Kitchen, 30 N. J. Eq. 31; Cannon v. Quincy, 121 N. Y. Supp. 752; In re Booth's Estate, 264 N. Y. Supp. 773; In re Leitsch, 201 N. W. 281; In re Taylor, 277 Pa. 218, 121 Atl. 310.]

In the case at bar both reason and authority say that neither the law governing the duties of a trustee nor the facts which we will presently state allowed the Cameron Trust Company as trustee to invest trust funds in its hands in the stock of the Cameron Trust Company and that in failing to sell the twenty-four shares of stock within a reasonable time after it received the certificates it incurred the same liability which it would have incurred had it used trust funds in purchasing capital stock of the Cameron Trust Company. [Sec. 5423, R. S. 1929; Cornet v. Cornet, 269 Mo. 298; Robertson v. Robertson, 113 S. W. 138; Garesche v. Priest, 9 Mo. App. 270; King v. Talbot, 40 N. Y. 76; Loud v. Union Trust Co., 281 S. W. 744.]

In May, 1924, stock of the Cameron Trust Company was sold for $300 a share. During that part of the year, 1924, beginning in July and continuing through the year 1925, there were numerous sales of stock of the trust company for $225 a share. The decline of $75 a share in the course of a few months in the selling price of the stock cried aloud for action upon the part of the trustee. It failed to act and such failure was a violation of the law relating to the duties of a trustee in handling trust property.

The Cameron Trust Company contends that the petition of Ida C. Leibrandt and her coplaintiffs alleged a theory of liability different from the theory upon which the case is presented upon appeal. In this connection the trustee argues that the petition failed

454

to allege that it "wrongfully or without authority" took possession of the stock or that it received the stock "as trustee *de son tort*" or that it assumed to manage the interest of Ida C. Leibrandt in the stock "for her or as her trustee." The quoted terms are legal conclusions and would not have aided the petition had they been inserted therein. [Iven v. Winston Bros. Co., 48 S. W. (2d) 125.] The trustee further argues that the petition predicated liability upon the theory that the Cameron Trust Company took possession of the stock as trustee and that the trustee was required by the terms of the will to sell the stock and that it failed to comply with the provisions of the will in that respect and is therefore liable to the plaintiffs. The allegation that the Cameron Trust Company took possession of the property under the will is literally true as shown by the records of the probate court. The allegations with respect to the duties of the trustee in lending the funds of the estate under the rules regulating trust companies in the investment of such funds was a narrative statement of one of the paragraphs of the will. The petition does not allege all of the terms and provisions of the will. However, it must be borne in mind that the cause was submitted upon an agreed statement of facts of which the will, records and other documents mentioned in this opinion were a part. Neither the will, records nor documents which were a part of the agreed statement of facts disproves any allegation of the petition. The parties having proceeded in the trial court upon the theory that it was proper to receive in evidence the will, record and other documents, we must determine the case upon the theory which the parties themselves adopted. [Cook v. Sears, Roebuck & Co., 71 S. W. 73, 74.]

The trustee contends that it was not, under the terms of the will, a trustee for Mrs. Leibrandt; that the will did not empower it to sell her interest in the stock and for that reason it cannot be held liable for its failure to do so. The argument that *under the terms of the will* the Cameron Trust Company was not trustee for Mrs. Leibrandt, though sound, is not in harmony with its conduct in the probate court either as executor or as trustee. In its final settlement the executor represented to the probate court that as trustee it was entitled to receive the entire estate. That representation undoubtedly induced the probate court to enter a judgment, which, by its terms, contradicted the plain provisions of the will with respect to the rights of Mrs. Leibrandt. Whether that judgment was utterly void or merely erroneous is of no consequence; it enabled the Cameron Trust Company as trustee to obtain possession of the certificates and to retain them in its name as trustee under the will until the stock represented by the certificates became worthless. On these facts equity will not permit the Cameron Trust Company to avoid liability upon the theory that under the will it was not trustee for

Mrs. Leibrandt and her coplaintiffs. *The terms of the will* cannot at this late day be invoked by the Cameron Trust Company to relieve it from liability resulting from its wrongful conduct.

It is also argued by the trustee that there was no showing that it could have sold the stock. We do not think so. The numerous sales of stock clearly disclose that the Cameron Trust Company could have sold the stock which it held as trustee. It is our conclusion that under the law and the admitted facts it was the duty of the Cameron Trust Company as trustee to sell the stock within a reasonable time after it received the certificates; that such reasonable time was not later than January 1, 1925, and that it could have sold the stock by said last named date for $225 a share.

The judgment is reversed and the cause remanded with direction to enter judgment in favor of Ida C. Leibrandt as prayed in the amount of $5400 with interest at the rate of six per cent per annum from January 1, 1925, and costs of the action brought by Ida C. Leibrandt and her coplaintiffs, to be reduced by the amount of the note executed by Ida C. Leibrandt to the Cameron Trust Company and costs of the action based on that note. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded with direction to enter judgment in favor of Ida C. Leibrandt as prayed in the amount of $5400 with interest at the rate of six per cent per annum from January 1, 1925, and costs of the action brought by Ida C. Leibrandt and her coplaintiffs, to be reduced by the amount of the note executed by Ida C. Leibrandt to the Cameron Trust Company and costs of the action based on that note.