O. D. PHIPPS, EXECUTOR OF ESTATE OF JOHN A. DOAK, DECEASED, RESPONDENT, v. TOBIAS S. DOAK ET AL., APPELLANT.—145 S. W. (2d) 167.

Kansas City Court of Appeals. December 2, 1940.

*H. J. Salsbury* and *M. D. Aber* for appellants.

*W. E. Suddath* for respondent.

BLAND, J.—This is an appeal by certain of the legatees under the will of John A. Doak, deceased, from an order of distribution of the estate.

The facts show that on February 21, 1917, John A. Doak, a resident of Johnson County, executed a will providing:

"I give and devise my estate and property as follows:

"FIRST: To my daughter Etta May Phipps I will that she shall be paid the sum of $2000 . . . upon my death.

"SECOND: To my wife Martha C. Doak, I will that she shall have the use and benefit during her natural life of the remainder of all

personal property and of any real estate I may be possessed of at the time of my death.''

Then follows recitations to the effect that the testator had advanced to his son, Tobias Doak, the sum of $3150; to his daughter, Dora A. Atkins (deceased) $3000; to his son, Charles R. Doak, $3300; to his daughter, Etta May Phipps, $1000, ''which with the above bequest of $2000  .  .  .  will make the total to her of $3000  .  .  .  It being my desire and will to make the advancement to each of my children equal in the amount of $3000.''

Then appears a provision: ''FOURTH: After my wife's death I will that the remainder of my property both real and personal be divided equally between my son Tobias S. Doak, the heirs of my deceased daughter Dora A. Atkins, my son Charles R. Doak, and my daughter Etta May Phipps. My son Tobias S. Doak is to be charged with the amount of $150  .  .  .  as I have made advancement to him of that amount above $3000  .  .  .  My son Charles R. Doak is to be charged with the amount of $300  .  .  .  as I have made advancement to him of that amount above $3000.''

The will then appoints Oscar D. Phipps, as executor.

John A. Doak departed this life on June 5, 1925. The inventory and appraisement of his estate showed that he owned at the time of his death household goods of the value of $55; cash in various banks aggregating the sum of $1591.80; a Time Certificate of Deposit in the Bank of Blairstown, in the amount of $2000; Eleven Shares of the Capital Stock of the Bank of Blairstown of the value of $2200; Five Shares of the Capital Stock of the Farmers & Commercial Bank of Holden of the value of $1500.; A note signed by W. R. Phipps, J. H. Schwear and O. D. Phipps, for $1000; Interest on said note of $39.17; One Government Bond in the sum of $100; One Share of Stock in the Farmers Mutual Telephone Company, of the value of $5.00; or a total of $8435.97. No real estate was inventoried and apparently testator left none.

The semi-annual settlement of the executor showed that he had paid Etta May Phipps the sum of $2000 and had paid claims against the estate in the amount of $599.83, leaving a balance due the estate of $1129.97; that he had on hand the $1000 note and the shares of stock in the Bank of Blairstown.

The final settlement showed a balance on hand and due-the estate of $3015.95, which included the $1000 note and the shares of stock in the Bank of Blairstown. The final settlement states that: ''Your executor shows to the court that Martha C. Doak is entitled to all the property under the will for and during her life; he, therefore, prays to be discharged upon the filing of the receipt of said Martha C. Doak for $3015.95.''

The court made an order approving the settlement and ordering the executor to pay the balance due the estate over to Martha C. Doak.

Other heirs and legatees of John A. Doak, deceased, appealed to the Circuit Court with a like result and said legatees have again appealed to this court.

Appellants complain of the judgment for the reason, it is claimed, that under the will of John A. Doak, Martha C. Doak, was given merely the income from the personal property he left and, at the most, she was given nothing more than a life estate, without the power of disposition over any part of it and that the court erred in turning the balance of the estate over to Martha C. Doak without first requiring bond to be given by her.

The proper disposition of this case depends upon the construction to be given clauses Two and Four of the will. There is nothing to indicate what property the beneficiaries under the will possessed other than that received by the will. In fact, in construing the will, we are not aided by anything except the testator's will, together with whatever light may be thrown upon the matter of its construction by the nature and extent of the testator's property.

We are unable to distinguish this case from that of Mace v. Hollenbeck, 175 S. W. 876. The will in that case provided: "I hereby give and bequeath to my beloved wife, Martha M. Hollenbeck, . . . my entire estate, real, personal and mixed, wheresoever situated after my debts and funeral expenses are paid, to be used for her benefit and assistance in whatever manner she chooses during her natural life and after her death her debts and funeral expenses paid, the remainder to be divided, giving one-half to her legal heirs and one-half to my legal heirs according to their lawful order."

The court held that the widow received nothing more than a life estate without any power of disposition as to the real estate therein involved. It is true the court stated: l. c. 878: "A large amount of personalty was bequeathed by the will, including doubtless the furniture, implements and live stock customarily found upon a farm. The testator could not have supposed this identical property would be preserved through all the years plaintiff might survive him."

The personal property left by the testator, in the case at bar, in not similar to that mentioned in the Mace case. The household goods, which constituted only a very small portion of the estate and which is not now involved, was the only part of the personal estate that could be at all compared to that mentioned in the Mace case. Doubtless, where the personal property involved is that which can be enjoyed only by its use, the life tenant would be entitled to its possession. But that is not the case here.

Respondent relies upon the case of Cameron Trust Co. v. Liebrandt, 83 S. W. (2d) 234. The will in that case provided: "I give, devise and bequeath all of my property of every kind and description and wherever situate to my wife, Ida C. Liebrandt, to have, hold and enjoy for and during her natural life." The will in that case uses

the words "to have, hold and enjoy." The will, in the case at bar, does not use the words "to have and hold." In Board of Trustees v. Dimmitt, 113 Mo. App. 41, the will used the words "to hold, possess and enjoy." The word "hold," in this connection, means to "have exclusive control, direction and superintendance." [Rountree v. Dizon, 105 N. C. 351, 353, 354.] On this point see also Benham v. Turkle, 173 Iowa, 598, 608; In re Moor's Estate, 163 Mich. 353, 358, 359; Candee v. Conn. Savings Bank of New Haven et al. (Conn.), 22 L. R. A. (N. S.) 568, 570.]

Under the circumstances, the court had no power to turn over the estate to the widow without requiring her to give reasonable security to preserve the fund for the remaindermn. [State ex rel. v. Welch, 175 Mo. App. 303; 17 R. C. L. 627.]

The judgment is reversed and the cause remanded. All concur.

### On Rehearing.

BLAND, J.—We have carefully re-examined this case since the granting of the motion for a re-hearing, and find no reason to change our decision in the matter. Therefore, the foregoing opinion handed down upon the original submission is hereby adopted. Accordingly, the judgment is reversed and the cause remanded. All concur.